TRIMBLE v. METROPOLITAN LIFE INSURANCE CO.

1. CONTRACTS—CONSTRUCTION.
   The court will not make a new contract for parties under the guise of a construction of the contract when in so doing it will ignore the plain meaning of words.

2. INSURANCE—GROUP POLICY—NOTICE OF TERMINATION.
   Under group insurance policy providing for termination of insurance coverage by employer in case of employee's illness either by notification to insurer or cessation of premium payment where employee became permanently disabled, insurer paid weekly disability payments for 13 weeks, employer notified insurer of termination of employment about a month later, and employee died some 14 months later, beneficiary was not entitled to recover because insured had not been given notice of termination of employment and insurance since, under the policy, insured was not entitled to such notice even though disabled.

Appeal from Wayne; Nicol (Henry G.), J. Submitted January 13, 1943. (Docket No. 10, Calendar No. 41,881.) Decided April 6, 1943.

Assumpsit by May Trimble against Metropolitan Life Insurance Company on a group life insurance policy. Judgment for defendant. Plaintiff appeals. Affirmed.

*Harry H. Wachs* and *James M. Cleary,* for plaintiff.

*Bulkley, Dickinson, Wright & Davis* (*Max L. Veech,* of counsel), for defendant.

SHARPE, J.   This is an action upon a life insurance policy.   The facts have been stipulated and are as follows:  Prior to June 10, 1936, Samuel Trimble, as an employee of Chevrolet Motor Company, was insured under group policy No. 3200-G issued by Metropolitan Life Insurance Company.   Section 11 of the group policy provided:

"(a)  The life insurance on any employee insured hereunder  *  *  *  shall cease automatically 31 days after the date of termination of employment of such employee, except as provided in the next succeeding paragraph.  *  *  *

"As to the life insurance of any employee insured hereunder  *  *  *  cessation of active work shall be deemed to constitute the termination of his employment except that in case of the absence of such employee from active work on account of:

"(1)  Sickness or Injury.  *  *  *
the employment of such employee may, for the purposes of the life insurance hereunder, be deemed to continue until terminated by the employer, as evidenced to the company by the employer, whether by notification or by cessation of premium payment on account of the life insurance hereunder on such employee."

On June 10, 1936, Samuel Trimble became sick and disabled.   Such disability continued until his death which occurred December 27, 1937.   In accordance with the provisions of the group policy, the insurance company paid Samuel Trimble $10 per week for a period of 13 weeks, commencing June 17, 1936, and ending September 15, 1936.

Under the provisions of the group policy, monthly premiums are required to be paid by or on behalf of each employee insured thereunder in order to continue the insurance of such employee in force. The last premium which was paid by, for, or on account of the group insurance of Samuel Trimble was the premium for the month of September, 1936.

On October 20, 1936, the Chevrolet Motor Company, the employer, mailed to defendant insurance company notice of the termination of the employment of Samuel Trimble for the purposes of life insurance under the group policy. The notice was received by the defendant insurance company on October 22, 1936. No notice was given to Samuel Trimble of the termination of his employment.

The trial court held that under section 11 of the policy, the life insurance of an employee may be terminated by cessation of premium payments or by notification to the insurance company of termination of employment. The court entered judgment for defendant.

It is urged by plaintiff that the defendant lacked the power to terminate the employment of the insured while he was sick and permanently disabled.

In *Sturgis National Bank* v. *Maryland Casualty Co.*, 252 Mich. 426, we said:

"The court will not make a new contract for parties under the guise of a construction of the contract, when in so doing it will ignore the plain meaning of words."

In *Klat* v. *Chrysler Corp.*, 285 Mich. 241, the Chrysler Corporation entered into an agreement with the Aetna Life Insurance Company for a policy of group life insurance. The policy of insurance provided among other things that the insurance upon the life of each employee was to cease automatically upon: failure of the employee to make premium contributions; termination of his employment; or cancellation of his insurance by the Chrysler Corporation in cases of temporary layoff. The employee was laid off on account of a general reduction of force. He died 30 days after his employment had been terminated. Under the terms of the

insurance policy the insurance ceased when employment was terminated. No premium had been paid subsequent to the termination of employment. In an action upon the policy we there said (p. 248):

"Plaintiff contends that knowledge of termination of employment was not brought to the attention of plaintiff's decedent. It is sufficient to say that the policy of insurance does not provide that such notice shall be given to the employee and we may not read into the contract terms not agreed upon by the parties. Under the terms of this contract it becomes the duty of the employee to ascertain the status of his employment at all times."

We think the decisions in the above-cited cases apply to the facts in the case at bar. In the instant case Samuel Trimble ceased work on June 9, 1936. The last premium paid on account of his insurance policy was for the month of September, 1936. The employer notified the insurance company of the termination of employment on October 20, 1936, or more than 14 months prior to the death of deceased. Under the terms of the policy, the employer was given the right to give notice to the insurance company of the termination of deceased's employment, which it did on October 20, 1936.

Section 11 of the policy provides:

"The life insurance on any employee insured hereunder  *  *  *  shall cease automatically 31 days after the date of termination of employment of such employee, except as provided in the next succeeding paragraph  *  *  *  [which cites as an exception sickness or injury; in which case] the employment of such employee may, for the purposes of the life insurance hereunder, be deemed to continue until terminated by the employer, as evidenced to the company by the employer, whether by notification or by cessation of premium payment on ac-

count of the life insurance hereunder on such employee.''

By virtue of the decision announced in the *Klat Case, supra,* the insured was not entitled to notice of such termination.

The trial court was correct in entering judgment in behalf of defendant, which is affirmed, with costs to defendant.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.