# STATE OF MICHIGAN

# COURT OF APPEALS

NEXTEER AUTOMOTIVE CORPORATION,

      Plaintiff/Counter-Plaintiff/Third-
Party Defendant-Appellant,

v

MANDO AMERICA CORPORATION, TONY
DODAK, THEODORE G. SEEGER, TOMY
SEBASTIAN, CHRISTIAN ROSS, KEVIN
ROSS, ABRAHAM GEBREGERIS,
RAMAKRISHNAN RAJA
VENKITASUBRAMONY, TROY STRIETER,
JEREMY J. WARMBIER, and SCOTT
WENDLING,

      Defendants-Appellees.

FOR PUBLICATION
February 11, 2016
9:05 a.m.

No. 324463
Saginaw Circuit Court
LC No. 13-021401-CK

Before: O'CONNELL, P.J., and OWENS and BECKERING, JJ.

O'CONNELL, P.J.

Plaintiff, Nexteer Automotive Corporation, appeals by leave granted the trial court's order dismissing the case for arbitration after it concluded that Nexteer was not prejudiced by the request of defendant, Mando American Corporation, to arbitrate after the parties had stipulated that an arbitration provision was "not applicable." We reverse and remand.

## I. FACTUAL BACKGROUND

Nexteer and Mando are both steering system manufacturers. Nexteer and Mando are competitors, but between April 2013 and August 2013, the parties considered operating jointly to sell steering products. The parties each signed a nondisclosure agreement that provided that, in the event of conflict, they would arbitrate in Switzerland. In August 2013, the parties stopped pursuing the joint operation agreement.

In September 2013, a series of Nexteer's high-level employees resigned and began working for Mando. Nexteer contended that the employees had acted in concert to divulge trade secrets to Mando. Each of the individual employees had previously signed employment agreements with Nexteer. The agreements provided that the employees would not disclose any trade secrets and, for 12 months after ending their employment, would not induce any other

-1-

employees to leave Nexteer for another business venture. The employment agreements did not contain arbitration provisions.

Nexteer filed its complaint on November 5, 2013. On November 25, 2013, the parties stipulated to a case management order. In pertinent part, the parties stipulated that "[a]n agreement to arbitrate this controversy . . . exists" but "is not applicable."

In December 2013, Mando moved for summary disposition on a variety of grounds. The trial court granted summary disposition on many of Nexteer's claims, but several claims remained. In May 2014, Mando filed a motion to compel arbitration on Nexteer's remaining claims.

Nexteer opposed Mando's demand to arbitrate, contending that Mando had waived its right to arbitration when it stipulated to the case management order. At a hearing on the motion, the trial court summarized the conflict as follows:

> . . . in this case we acknowledge there's an arbitration agreement, but it doesn't apply. Boxes checked. And they ratify it through the lack of objection that that's not a waiver. Now, the question may be, Can they go back and unwaive it somehow? I don't know that. Can you—can you reassert a waived arbitration provision months into a litigation?

Mando contended that even if it waived arbitration, Nexteer was not prejudiced by the request to arbitrate. Nexteer responded that it was prejudiced by the waste of time, money, and discovery. Stating that it was concerned about the effect of "affirmative acknowledgment that the arbitration clause does not apply" and the potential prejudice, the trial court requested supplemental briefing.

Following supplemental briefing, the trial court concluded that Nexteer's claims were arbitral. It determined that, while the parties had collectively and consciously agreed that the arbitration provision did not apply, Mando had not waived arbitration because the specific language of the order was that arbitration was "not applicable." It also concluded that Nexteer was not sufficiently prejudiced by Mando's late request for arbitration to overcome the presumption in favor of arbitration.

## II. STANDARDS OF REVIEW

This Court reviews de novo questions of law, including the existence and enforceability of an arbitration agreement. *Michelson v Voison*, 254 Mich App 691, 693-694; 658 NW2d 188 (2003). We also review de novo "whether the relevant circumstances establish a waiver of the right to arbitration." *Madison Dist Pub Sch v Myers*, 247 Mich App 583, 588; 637 NW2d 526 (2001). We review "for clear error the trial court's factual determinations regarding the applicable circumstances." *Id.* A finding is clearly erroneous if, after reviewing the entire record, we are definitely and firmly convinced that the trial court made a mistake. *Peters v Gunnell, Inc*, 253 Mich App 211, 221; 655 NW2d 582 (2002).

## III. ANALYSIS

-2-

Nexteer contends that the trial court erred because Mando's stipulation that the arbitration provision "was not applicable" was an express waiver that prevented Mando from later requesting to arbitrate Nexteer's claims, not an implied waiver that required a showing of prejudice. We agree.

Generally, courts disfavor the waiver of a contractual right to arbitration. *Madison Dist Pub Sch*, 247 Mich App at 588. However, a party may waive any contractual rights, including the right to arbitration. *Joba Constr Co v Monroe Co Drain Comm'r*, 150 Mich App 173, 178; 388 NW2d 251 (1986). A waiver of the right to arbitration may be express or implied. *Id*.; *Bielski v Wolverine Ins Co*, 379 Mich 280, 286; 150 NW2d 788 (1967).

A waiver is an intentional relinquishment of abandonment of a known right. *Quality Prods & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 374; 666 NW2d 251 (2003). An affirmative expression of assent constitutes a waiver. *Id*. at 378. In contrast, a failure to timely assert a right constitutes a forfeiture. *Id*. at 379.

"A stipulation is an agreement, admission or concession made by the parties in a legal action with regard to a matter related to the case." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 385; 741 NW2d 61 (2007). To waive a right, the language of a stipulation must show an intent to plainly relinquish that right. *Whitley v Chrysler Corp*, 373 Mich 469, 474; 130 NW2d 26 (1964). However, the use of specific key words is not required to waive a right. See *Amalgamated Transit Union v Southeastern Mich Traps Auth*, 437 Mich 441, 463 n 16; 473 NW2d 249 (1991) (holding that the word "waiver" is not required to waive a right, even when a statute requires "clear and unmistakable" evidence of waiver).

In this case, in November 2013, Mando stipulated that the arbitration provision in the nondisclosure agreement between Nexteer and Mando did not apply to the parties' controversy. The language of the stipulation showed knowledge of an arbitration provision and a clear expression of intent not to pursue arbitration. We conclude that the trial court erred when it determined that Mando's statement was not an express waiver because the stipulation directly indicated an intent not to pursue arbitration, which was the same right that Mando sought to assert six months later.

Mando contends that in this case it did not know that it had a right to arbitration, so it could not have knowingly relinquished that right. It also contends that holding the parties to case management orders that the parties agree to early in the proceedings leads to harsh results. These arguments are not persuasive.

Courts have long held parties to agreements they make, regardless of the harshness of the results. See, e.g., *Balogh v Supreme Forest Woodmen Circle*, 284 Mich 700, 707; 280 NW 83 (1938) ("The insured was an able lawyer, and had a large experience in insurance matters and must have understood and appreciated the legal consequences of his acts. If he did not, although the result is harsh, we cannot rewrite his contract so as to create a liability where none existed."). In this case, Mando was aware of the arbitration clause in the nondisclosure agreement, and it was aware of Nexteer's general allegations in its complaint. It had the ability to apply the language of the arbitration clause to the complaint in order to decide whether it should pursue

arbitration. After stipulating that the arbitration provision did not apply, Mando may not now argue that the arbitration provision does in fact apply.

As an alternative ground for affirmance, Mando contends that even if it waived its right to arbitration, the trial court properly ordered arbitration because its demand to arbitrate did not prejudice Nexteer. We disagree. A party attempting to enforce an implied waiver must show prejudice:

> The party arguing there has been a waiver of this right bears a heavy burden of proof and must demonstrate knowledge of an existing right to compel arbitration, acts inconsistent with the right to arbitrate, and prejudice resulting from the inconsistent acts. [*Maidson Dist Pub Sch*, 247 Mich App at 588 (quotation marks and citations omitted).]

However, where there is an express waiver, the party seeking to enforce the waiver need not show prejudice. See *Quality Prods*, 469 Mich at 378-379 (stating that discussion of implied waivers is unnecessary if an express waiver exists). An implied waiver requires a failure to timely assert a right to arbitrate, coupled with an inconsistent course of conduct. That is not what happened in this case. Here, Mando expressed an explicit intent not to pursue arbitration. Because we conclude that Mando expressly waived its right to arbitration when it stipulated that the arbitration provision did not apply, we do not reach issues of implied waiver and prejudice.

We reverse and remand. As the prevailing party, Nexteer may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Donald S. Owens
/s/ Jane M. Beckering