# STATE OF MICHIGAN

# COURT OF APPEALS

THE CADEN COMPANIES, INC., and BELLY
BANDIT,

Plaintiff-Appellees,

v

MJ STEPS,

Defendant-Appellant.

UNPUBLISHED
September 14, 2017

No. 332795
Oakland Circuit Court
LC No. 2015-148958-CB

Before: O'BRIEN, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right an order granting plaintiffs' motion for reconsideration of an earlier order granting summary disposition in favor of defendant under MCR 2.116(C)(1) for lack of jurisdiction. Upon reconsideration, the trial court set aside its prior order and granted plaintiffs' motion for summary disposition under MCR 2.116(C)(7), before entering an order compelling defendant's participation in arbitration in Oakland County. We reverse.

Plaintiffs are Caden Companies, Inc., a California corporation "engaged in the business of manufacturing, distributing, and selling various clothing items, specifically maternity and post-maternity garments, under the trade name 'Belly Bandit.' " Caden Companies, Inc. is the parent company of Belly Bandit. Defendant, a Spanish limited liability company, is a private distributor headquartered in Switzerland with a European office in Spain. On July 1, 2013, the parties entered a three-year distribution agreement (the Contract), by which plaintiff agreed to supply defendant "Belly Bandit" products and defendant obtained the exclusive right to market plaintiffs' "Belly Bandit" products in Europe. In exchange for the exclusive right to distribute products in Europe, defendant agreed to the inclusion of a confidentiality provision, a non-compete provision, and an intellectual property provision. The Contract also provided that it would be "governed by, and construed in accordance with, the laws of the state of Michigan," that Oakland County, Michigan would be the exclusive venue for any legal proceedings arising from the Contract, and that any controversy arising out of or relating to the Contract would be settled by arbitration in Southfield, Michigan.

In September 2015, plaintiffs brought a complaint against defendant in the Oakland Circuit Court, alleging breach of contract and tortious interference with a business relationship or

-1-

expectancy. Plaintiffs requested a declaratory order compelling defendant to participate in arbitration in Oakland County per the terms of the Contract.

Defendant moved for summary disposition under MCR 2.116(C)(1), arguing that the Contract had never been fully executed or implemented and the trial court was therefore without personal jurisdiction to compel defendant's participation in arbitration. On order of the trial court, plaintiffs filed a cross motion for summary disposition under MCR 2.116(C)(7), arguing that defendant had consented to the trial court's exercise of jurisdiction and the existence of the arbitration clause in the Contract was sufficient to allow the trial court to order defendant to arbitration in Oakland County.

Noting that plaintiffs had submitted a copy of the Contract including a signature for defendant only, the trial court reasoned that plaintiffs had failed to prove that the Contract had been fully executed. The trial court concluded that without a valid agreement, it lacked jurisdiction to compel defendant's participation in arbitration. The trial court therefore granted defendant's motion for summary disposition under MCR 2.116(C)(1) and dismissed plaintiffs' complaint.

Plaintiffs timely moved for reconsideration of the trial court's order, and submitted a newly-discovered copy of the Contract signed by agents on behalf of all parties. Over defendant's objection, the trial court considered plaintiffs' new copy of the Contract and explained that it could not ignore the express agreement of the parties. The trial court concluded that because "[b]oth Plaintiff's claims and Defendant's defenses implicate the Agreement's broad arbitration provision . . . the parties must submit this dispute to arbitration." The trial court granted plaintiffs' motion for reconsideration, denied defendant's motion for summary disposition under MCR 2.116(C)(1), and granted plaintiffs' motion for summary disposition pursuant to MCR 2.116(C)(7).

On appeal, defendant argues that the trial court erred in exercising personal jurisdiction over defendant, a foreign corporation with no ties to the state of Michigan, relying only on the provisions of the Contract to grant plaintiffs' motion for summary disposition under MCR 2.116(C)(7). We agree.

"We review de novo a trial court's decision on a motion for summary disposition." *Rooyakker & Sitz, PLLC v Plante & Moran PLLC*, 276 Mich App 146, 152; 742 NW2d 409 (2007). MCR 2.116(C)(7) permits summary disposition where relief "is appropriate because of . . . an agreement to arbitrate." We also review de novo the legal questions of the proper interpretation of a statute, *McCormick v Carrier*, 487 Mich 180, 188; 795 NW2d 517 (2010), the proper interpretation of a contract, *Klapp v United Ins Group Agency Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003), the existence and enforceability of an arbitration agreement, *Nexteer Auto Corp v Mando America Corp*, 314 Mich App 391, 394; 886 NW2d 906 (2016), and whether a court possesses personal jurisdiction over a party, *Yoost v Caspari*, 295 Mich App 209, 219; 813 NW2d 783 (2012).

Defendant suggests that the trial court lacked the authority to determine whether the parties' Contract was enforceable because under Michigan's Uniform Arbitration Act (UAA), MCL 691.1681 *et seq.*, the arbitrator has the sole authority to make the determination of whether

a matter is subject to arbitration. Defendant is partially correct. In a lawsuit to compel arbitration, such as the one presently before this Court, a trial court's inquiry is limited to the gateway question of arbitrability. *Bienenstock & Assoc, Inc v Lowry*, 314 Mich App 508, 516; 887 NW2d 237 (2016). Under the UAA, an arbitrator holds the authority to determine the validity and enforceability of a contract. MCL 691.1686(3) ("An arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled and whether a contract containing a valid agreement to arbitrate is enforceable."). The trial court is left with the authority to determine whether an arbitration agreement exists, and whether the controversy at issue falls within the arbitration agreement as presented. MCL 691.1686(2) ("The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate."); *Watts v Polaczyk*, 242 Mich App 600, 603; 619 NW2d 714 (2000) ("The existence of an arbitration agreement and the enforceability of its terms are judicial questions for the court rather than for the arbitrators."). Thus, under the UAA, a trial court has authority to determine the existence of an arbitration agreement and order the parties to arbitration. However, a trial court's authority to make any determination under the UAA arises only when the trial court "has jurisdiction over the controversy and the parties." MCL 691.1706; see also *Lease Acceptance Corp v Adams*, 272 Mich App 209, 219-220; 724 NW2d 724 (2006). Thus, jurisdiction is a threshold issue that a trial court must consider before it may turn to the issue of arbitrability.

A trial court may exercise general personal jurisdiction over a foreign corporate defendant when both prongs of a two-step analysis are satisfied. *City of Fraser v Almeda University*, 314 Mich App 79, 87; 886 NW2d 730 (2016). First, jurisdiction must be authorized by Michigan's long-arm statute. *Id*. Second, the trial court's exercise of personal jurisdiction over the parties must be consistent with the requirements of the Due Process Clause of the Fourteenth Amendment. *Id*. Defendant here challenges both prongs of the jurisdictional analysis. However, we need not reach the issue of whether the trial court's exercise of jurisdiction comports with due process principles because the trial court failed to ensure that the first prong of the analysis—that its exercise of personal jurisdiction over defendant was authorized by MCL 600.711—was satisfied.

MCL 600.711 permits a trial court to exercise personal jurisdiction over a corporation when that corporation has any one of the following three relationships with the state: (1) the corporation is incorporated under the laws of the state, (2) the corporation carries on "a continuous and systematic part of its general business within the state," or (3) the corporation has consented to the court's jurisdiction, subject to the limitations on such consent prescribed in MCL 600.745. "The plaintiff bears the burden of establishing jurisdiction over the defendant." *Jeffrey v Rapid American Corp*, 448 Mich 178, 184; 529 NW2d 644 (1995). Here, plaintiffs do not allege, or offer evidence to support, defendant's incorporation in Michigan or defendant's carrying on any portion of its business within the state. Plaintiffs argue only that the trial court's exercise of personal jurisdiction is supported by defendant's consent, grounded in a forum selection cause within the parties' Contract.

"Michigan courts generally enforce contractual forum-selection clauses." *Turcheck v Amerifund Financial, Inc*, 272 Mich App 341, 348; 725 NW2d 684 (2006). However, as noted, consent to personal jurisdiction satisfies the long-arm statute, MCL 600.711, only when the requirements for granting consent under MCL 600.745 are also met. *Id*.; see also *Lease Acceptance Corp*, 272 Mich App at 220 (explaining that unless the elements of MCL 600.745

are satisfied, "the parties' contractual agreement to jurisdiction in Michigan is unenforceable."). In other words, a trial court may not rely on a foreign defendant's consent to support its exercise of personal jurisdiction until it determines that the defendant's consent was proper under that statute.

This Court reviews a trial court's decision whether Michigan is a reasonably convenient forum such that it may exercise personal jurisdiction under MCL 600.745 for an abuse of discretion, but the trial court's ultimate determination of whether to exercise jurisdiction under the statute is reviewed de novo. *Lease Acceptance Corp*, 272 Mich App at 223. "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Radeljak v Daimler Chrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006). Further, "failure to exercise discretion when called on to do so constitutes an abdication and hence an abuse of discretion." *Loutts v Loutts*, 298 Mich App 21, 24; 826 NW2d 152 (2012) (quotation marks and citation removed). In pertinent part, MCL 600.745 provides:

> If the parties agreed in writing that an action on a controversy may be brought in this state and the agreement provides the only basis for the exercise of jurisdiction, a court of this state shall entertain the action if all the following occur:
>
> (a) The court has power under the law of this state to entertain the action.
>
> (b) This state is a reasonably convenient place for the trial of the action.
>
> (c) The agreement as to the place of the action is not obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means.
>
> (d) The defendant is served with process as provided by court rules. [MCL 600.745(2).]

All four elements of the statute must be satisfied to validate Michigan's exercise of limited personal jurisdiction. *Lease Acceptance Corp,* 272 Mich App at 220.

Here, again, defendant argues that none of the requirements for valid consent to limited personal jurisdiction under MCL 600.745 are met. However, this Court need not engage in a lengthy analysis of each element, because failure to meet even one element is sufficient to invalidate a defendant's consent for purposes of exercising jurisdiction under the long-arm statute. In this case, the trial court failed to conduct any analysis under MCL 600.745, instead relying only on defendant's consent, contained within the parties' Contract, to support its exercise of limited personal jurisdiction. The trial court's failure to consider whether an exercise of personal jurisdiction over defendant was reasonably convenient, and therefore within the trial court's authority, constituted an abdication of the trial court's duty and, necessarily, an abuse of discretion. The trial court's exercise of personal jurisdiction without ensuring that each factor of MCL 600.745 had been satisfied was in error. We therefore reverse the trial court's order granting plaintiffs' motion for summary disposition and compelling defendant's participation in arbitration, and remand the matter with instructions to the trial court to consider whether an

exercise of personal jurisdiction over defendant is appropriate under MCL 600.711 and MCL 600.745.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Christopher M. Murray