# STATE OF MICHIGAN

# COURT OF APPEALS

VHS HURON VALLEY SINAI HOSPITAL,
doing business as DMC SURGERY HOSPITAL,

    Plaintiff-Appellee,

v

SENTINEL INSURANCE COMPANY,

    Defendant-Appellant.

FOR PUBLICATION
January 23, 2018
9:10 a.m.

No. 328005
Wayne Circuit Court
LC No. 14-009084-NF

ON REMAND

Before: FORT HOOD, P.J., and GLEICHER and O'BRIEN, JJ.

FORT HOOD, P.J.

This case is again before us following remand from the Michigan Supreme Court.[1] In our earlier opinion, we concluded that the trial court properly determined that res judicata did not operate to bar plaintiff's claims against defendant. However, the Michigan Supreme Court has remanded this case to our Court to reconsider our initial disposition of this case in light of the Michigan Supreme Court's decision in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). For the reasons set forth below, we vacate the trial court's stipulated order for dismissal and consent judgment, reverse the trial court's order denying defendant's motion for summary disposition and remand for entry of judgment in favor of defendant.[2]

## I. FACTS AND PROCEDURAL HISTORY

In our earlier opinion we recited the relevant facts, in pertinent part, as follows:

---

[1] *VHS Huron Valley Sinai Hosp v Sentinel Ins Co*, 501 Mich 857; 900 NW2d 628 (2017).

[2] If it were not for our dissenting colleague's insistence on publication pursuant to MCR 7.215(A), this opinion would not be published, as it does not meet the standards of MCR 7.215(B).

-1-

On June 25, 2013, Charles Hendon, Jr. was involved in a motor vehicle accident when his vehicle was allegedly rear-ended by an unidentified hit and run driver, causing bodily injury. Defendant Sentinel Insurance Company is Hendon's insurer. From August 1, 2013, through October 7, 2013, plaintiff VHS Huron Valley-Sinai Hospital, doing business as DMC Surgery Hospital, provided medical services to Hendon for his care, recovery, and rehabilitation related to his injuries sustained in the automobile accident, at a cost totaling $68,569.

On September 9, 2013, Hendon commenced a cause of action against Sentinel asserting a claim for uninsured motorist benefits under his insurance policy and alleging negligence on the part of the unidentified hit and run driver involved in the accident. Hendon did not assert a claim for no-fault PIP benefits as part of his lawsuit. Thereafter, on July 15, 2014, DMC, plaintiff in the instant case, commenced a cause of action against Sentinel asserting a claim for no-fault PIP benefits for the medical services DMC provided to Hendon for injuries arising out of the accident. On October 21, 2014, Hendon and Sentinel settled Hendon's lawsuit seeking uninsured motorist benefits for $1,500 and, on October 29, 2014, that suit was dismissed, with prejudice, per stipulation of the parties.

After settling Hendon's case, Sentinel sought summary disposition of DMC's action for PIP benefits under MCR 2.116(C)(7), asserting that it was barred by res judicata. The trial court denied Sentinel's motion, concluding that res judicata did not bar DMC's claim because it could not have been resolved in Hendon's earlier action for uninsured motorist benefits given the dissimilarity in the two claims. The court then entered a stipulated order for dismissal and consent agreement, which closed the case but allowed Sentinel to appeal as of right the court's denial of its motion for summary disposition. Sentinel appeals. [*VHS Huron Valley Sinai Hosp v Sentinel Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued October 13, 2016 (Docket No. 328005), pp 1-2 (footnotes omitted), vacated and remanded 501 Mich 857; 900 NW2d 628 (2017).]

This Court concluded that the trial court properly determined that res judicata did not bar plaintiff's claim for personal protection insurance [PIP] benefits, and that the trial court did not err by denying defendant's motion for summary disposition under MCR 2.116(C)(7). *VHS Huron Valley Sinai Hosp*, unpub op at 2. With regard to the second element of res judicata, this Court determined that the actions did not involve the same parties or their privies because Hendon and plaintiff were not in privity with one another. *Id*. at 3-5. This Court reasoned that because Hendon asserted only a claim for uninsured motorist benefits, and plaintiff had no interest or right to those benefits, Hendon and plaintiff "did not share a substantial identity of interest" in those benefits, nor did plaintiff have "a mutual or successive relationship in those benefits." *Id*. at 4. According to this Court, plaintiff's interest in or right to the recovery of PIP benefits was not represented or protected in the earlier litigation, and Hendon had no motivation in the earlier litigation to protect plaintiff's interest in or right to recover PIP benefits. *Id*. Thus, this Court affirmed the trial court's decision. *Id*. at 5.

-2-

On November 9, 2016, this Court denied defendant's motion for reconsideration. *VHS Huron Valley Sinai Hosp v Sentinel Ins Co*, unpublished order of the Court of Appeals, entered November 9, 2016 (Docket No. 328005). On December 20, 2016, defendant filed an application for leave to appeal to the Michigan Supreme Court. On September 12, 2017, the Michigan Supreme Court vacated this Court's judgment and remanded to this Court for reconsideration in light of *Covenant*. *VHS Huron Valley Sinai Hosp v Sentinel Ins Co*, 501 Mich 857; 900 NW2d 628 (2017). On remand to this Court, defendant filed a motion for peremptory reversal, arguing that *Covenant* compels the dismissal of plaintiff's claims. In its answer to the motion, plaintiff argued that *Covenant* is inapplicable because defendant waived the issue of standing by entering into the stipulated order and consent judgment, which permitted it to appeal the issue of res judicata only. On October 26, 2017, this Court denied defendant's motion for peremptory reversal "for failure to persuade the Court of the existence of manifest error requiring reversal and warranting peremptory relief without argument or formal submission." *VHS Huron Valley Sinai Hosp v Sentinel Ins Co*, unpublished order of the Court of Appeals, entered October 26, 2017 (Docket No. 328005). After receiving leave from this Court to do so, defendant filed a supplemental brief, and plaintiff filed a brief in response.

## II. ANALYSIS

On remand, the pivotal question is whether the Michigan Supreme Court's decision in *Covenant* impacts this Court's prior decision concluding that summary disposition in favor of defendant was not warranted.

As an initial matter, in *Covenant*, the Michigan Supreme Court held "that healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act." *Covenant*, 500 Mich at 196. In so ruling, the *Covenant* Court declined to "follow the long line of cases from the Court of Appeals recognizing that a healthcare provider may sue a no-fault insurer to recover PIP benefits under the no-fault act." *Id*. at 200. Instead, it relied "on the language of the no-fault act to conclude that a healthcare provider possesses no statutory cause of action against a no-fault insurer for recovery of PIP benefits." *Id*. at 200.[3]

Post-*Covenant*, this Court has recognized that a healthcare provider, "cannot pursue a statutory cause of action for PIP benefits directly from an insurer." *W A Foote Mem Hosp v Mich Assigned Claims Plan*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 333360); slip op at 6. In *W A Foote Mem Hosp*, ___ Mich App at ___; slip op at 6, this Court considered whether *Covenant* should apply retroactively to cases pending on appeal when it was decided, or apply prospectively only. This Court concluded that it was required to apply the Michigan Supreme Court's decision in *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503; 821 NW2d 117 (2012), which "essentially adopted the rationale" of the United States Supreme Court's decision in *Harper v Virginia Dep't of Taxation*, 509 US 86, 97; 113 S Ct 2510; 125 L Ed 2d 74 (1993), holding that judicial decisions concerning statutory

---

[3] This Court is bound to follow precedent of the Michigan Supreme Court. *State Treasurer v Sprague*, 284 Mich App 235, 242; 772 NW2d 452 (2009).

interpretation apply retroactively to all cases pending on direct review when the rule is announced. *W A Foote Mem Hosp*, ___ Mich App at ___; slip op at 14-17.

In *W A Foote Mem Hosp*, ___ Mich App at ___; slip op at 3, 6-7, 19, this Court applied *Covenant* retroactively where the issue whether the plaintiff possessed a statutory cause of action was preserved and the case was pending on direct review when *Covenant* was issued. Because the issue whether the plaintiff possessed a statutory cause of action was preserved, this Court stated that it was not necessary to decide whether full or limited retroactivity should apply. *Id*. at ___; slip op at 7 n 9. As this Court explained, "a judicial decision with full retroactivity would apply to all cases then pending, whereas with limited retroactivity it would apply in pending cases in which the issued [sic] had been raised or preserved." *Id*. at ___; slip op at 7 n 9 (citation omitted). Finally, this Court concluded that, even if it were to consider the "threshold question" and the "three-factor test" that are often stated in Michigan caselaw, it would not "find a level of exigency that would justify contravening the general rule of full retroactivity." *Id*. at ___; slip op at 17-19.

As in *W A Foote Mem Hosp*, the question of whether *Covenant* should be given full or limited retroactive effect is not determinative in this case, given that defendant raised plaintiff's lack of standing as an affirmative defense. Additionally, in its motion for summary disposition, defendant stated that it was "[a]ssuming for purposes of this Motion that Plaintiff has standing at all[.]" Moreover, given that it is a question of law and all of the facts necessary for its resolution are present, the issue of standing is preserved and *Covenant* applies to this case even if it were given only limited retroactivity. See *W A Foote Mem Hosp*, ___ Mich App at ___; slip op at 7.

In their briefs following remand, the parties disagree on a key issue relevant to the interplay between *Covenant* and the facts of this case, that being whether defendant waived the issue of standing[4] by entering into a stipulated order for dismissal and consent judgment in the trial court.

This Court will review issues pertaining to the interpretation of contractual language de novo, and will interpret contractual terms in accordance with their ordinary meaning when such terms are not expressly defined in the contract. *Barton-Spencer v Farm Bureau Life Ins Co of Mich*, 500 Mich 32, 39; 892 NW2d 794 (2017). The Michigan Supreme Court has also recently instructed that we are to "construe contracts 'so as to give effect to every word or phrase as far as practicable.' " *Id*. at 40, quoting *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003).

> This Court's main goal in the interpretation of contracts is to honor the intent of the parties. The words used in the contract are the best evidence [of] the parties' intent. When contract language is clear, unambiguous, and has a definite meaning, courts do not have the ability to write a different contract for the parties,

---

[4] "Whether a party has standing is a question of law that is reviewed de novo by this Court." *Coldsprings Twp v Kalkaska Co Zoning Bd of Appeals*, 279 Mich App 25, 28; 755 NW2d 553 (2008) (citation omitted).

or to consider extrinsic testimony to determine the parties' intent. [*Auto-Owners Ins Co v Campbell-Durocher Group Painting & Gen Contracting, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket Nos. 331384, 331389, 331802, 331803); slip op at 5, quoting *Kyocera Corp v Hemlock Semiconductor, LLC*, 313 Mich App 437, 446; 886 NW2d 445 (2015) (quotation marks omitted).]

"A stipulation is an agreement, admission or concession made by the parties in a legal action with regard to a matter related to the case." *In re Estate of Koch*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 332583); slip op at 10. This Court will construe a stipulation using the same principles applicable to a contract. *Id*. See also *In re Nestorovski Estate*, 283 Mich App 177, 183; 769 NW2d 720 (2009) (recognizing that stipulated orders that the trial court accepts and enters are interpreted using the same legal principles applicable to contracts). Moreover, we are aware of the well-settled legal principle that our dissenting colleague points to from the Michigan Supreme Court's decision in *Rory v Continental Ins Co*, 473 Mich 457, 468; 703 NW2d 23 (2005), where the Court recognized as a "fundamental tenant" of contract jurisprudence that "unambiguous contracts are not open to judicial construction and must be *enforced as written*." (Emphasis in original.) This legal principle is grounded in the rationale that the judiciary ought not interfere in the parties' right to "arrange their affairs via contract." *Id*.

With regard to the issue of waiver, in *Nexteer Auto Corp v Mando America Corp*, 314 Mich App 391, 395-396; 886 NW2d 906 (2016), this Court has stated, in pertinent part:

A waiver is an intentional relinquishment or abandonment of a known right. An affirmative expression of assent constitutes a waiver. In contrast, a failure to timely assert a right constitutes a forfeiture.

A stipulation is an agreement, admission or concession made by the parties in a legal action with regard to a matter related to the case. *To waive a right, the language of a stipulation must show an intent to plainly relinquish that right*. However, the use of specific key words is not required to waive a right. [Citations and quotation marks omitted; emphasis added.]

Returning to the facts of the present case, the stipulated order for dismissal and consent judgment provides, in pertinent part:

WHEREFORE, upon hearing and argument of April 24, 2015, this Court entered an Order dated May 21, 2015 denying the Motion for Summary Disposition brought by Sentinel Insurance Company ("Sentinel").

WHEREFORE, Sentinel argued that it was entitled to summary disposition on the grounds that this provider suit is barred by *res judicata*, the injured party (Charles Hendon) having filed his own suit against Sentinel, based upon the same accident that gave rise to this suit, which was dismissed with prejudice pursuant to a release.

WHEREFORE, Sentinel wishes to enter a final Order in this cause for the purpose of filing an appeal as of right from the court's May 21, 2015 decision, which denied Sentinel's Motion for Summary Disposition.

WHEREFORE, Sentinel and Plaintiff VHS Huron-Valley Sinai Hospital, d/b/a DMC Surgery Hospital ("DMC") have agreed to the amount that DMC would be entitled to, if Sentinel's position regarding *res judcata*/release [sic] is ultimately rejected by the Michigan Court of Appeals or Supreme Court.

WHEREFORE, the parties hereby agree to the entry of a judgment (subject to Sentinel's right to appeal as set forth above) against Sentinel and in favor of DMC in the amount of $61,712.18, plus taxable costs and RJA interest consistent with *Bonkowski v Allstate* [*Ins Co*], 281 Mich App 154[; 761 NW2d 784] (2008)].

WHEREFORE, the parties further agree that, if Sentinel's position regarding *res judcata*/release [sic] is ultimately rejected by the Michigan Court of Appeals or Supreme Court, DMC will also be entitled to an award of interest pursuant to MCL 500.3142, to be calculated at the time the aforementioned judgment is paid to DMC based upon the following dates:

* * *

WHEREFORE, based upon the foregoing, IT IS HEREBY ORDERED that judgment is entered in favor of DMC and against Sentinel in the amount of $61,712.18, plus taxable costs and RJA interest consistent with *Bonkowski v Allstate*, 281 Mich App 154 (2008), plus interest pursuant to MCL 500.3142 to be calculated as indicated above at the time said judgment is satisfied.

IT IS FURTHER ORDERED that, notwithstanding anything set [forth] above, Sentinel hereby reserves its appellate rights with respect to the May 21, 2015 denial of its Motion for Summary Disposition, as it is Sentinel's intention to use this order as a final order allowing it to appeal by right from that decision.

IT IS FURTHER ORDERED that the aforementioned judgment amount shall not be recoverable until Sentinel has exhausted its appellate remedies, relative to the denial of its Motion for Summary Disposition.

IT IS FURTHER ORDERED that if, for any reason, Sentinel chooses not to further pursue its appellate remedies, this judgment shall remain in effect and shall be recoverable upon expiration of any applicable appeal period(s) relative to the denial of Sentinel's Motion for Summary Disposition.

IT IS FURTHER ORDERED that if, for any reason, an appellate court determines that this Consent Judgment is not a final order that is appealable by right, this agreement is null and void.

IT IS FURTHER ORDERED that the above-entitled cause of action be, and hereby is, dismissed with prejudice and without costs to any of the parties hereto, pursuant to the terms herein.

This is a final order that resolves the last pending claim and closes the case at the trial court level.

In this case, the Michigan Supreme Court has made it abundantly clear, following a comprehensive review of the no-fault act, MCL 500.3101 *et seq.*, that health care providers do not have standing to pursue a claim against a no-fault insurer for PIP benefits for allowable expenses that an insured incurs. *Covenant*, 500 Mich App at 195. While plaintiff asserts that defendant waived its opportunity to challenge plaintiff's standing to bring this cause of action by entering into the stipulated order for dismissal and consent judgment, we disagree with this contention. We recognize that the language of the stipulated order and consent judgment establishes defendant's intent to appeal this case on the issue of "*res judicata*/release," the issue that was decided following defendant's motion for summary disposition. However, we are not persuaded that a review of the plain language of the stipulated order and consent judgment leads to the inexorable conclusion that defendant intended to waive any and all issues related to plaintiff's standing. Our conclusion is buttressed by the fact that there is no language in the stipulated order and consent judgment indicating that defendant intended to clearly and unequivocally waive its legal position with respect to plaintiff's standing. *Nexteer Auto Corp*, 314 Mich App at 395-396. This Court may not "read into the contract terms not agreed upon by the parties." *Trimble v Metro Life Ins Co*, 305 Mich 172, 175; 9 NW2d 49 (1943).

While we properly base our conclusion on the plain language of the stipulated order for dismissal and consent judgment, our determination is supported by a review of the record and the procedural posture of this case as a whole. For example, as a matter of background, given the state of the law before *Covenant* was decided, defendant may have reasonably surmised that any challenges to plaintiff's standing would have been rejected by the trial court and the appellate courts. See *W A Foote Mem Hosp*, ___ Mich App at ___; slip op at 7 (recognizing, in the context of rejecting the assertion that standing was waived, that where counsel for the defendants was aware of the state of the caselaw, "it is clear that counsel was aware that then-applicable Court of Appeals precedent likely would have rendered any [argument regarding standing] futile[.]") Put another way, defendant may have concluded, very reasonably on the basis of the then-existing pertinent jurisprudence, that disputing plaintiff's standing in the trial court, as on appeal, would not have been the most successful avenue to pursue. Additionally, as noted above, defendant aptly questioned in its motion for summary disposition whether plaintiff even had standing in this case. Moreover, while its application for leave was pending in the Michigan Supreme Court, and the day after *Covenant* was decided, defendant filed supplemental authority in the Michigan Supreme Court challenging plaintiff's standing to pursue this cause of action. Such circumstances support our conclusion that the plain language of the stipulated order for dismissal and consent judgment in this case does not manifest defendant's intention to "plainly relinquish" its right to challenge plaintiff's standing. *Nexteer*, 314 Mich App at 395-396.

III. CONCLUSION

Accordingly, in light of the Michigan Supreme Court's pronouncement in *Covenant*, plaintiff does not have a cause of action against defendant.[5] We vacate the trial court's stipulated order for dismissal and consent judgment, reverse the trial court's order denying defendant's motion for summary disposition and remand for entry of judgment in favor of defendant. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Colleen A. O'Brien

---

[5] There is no indication in the record that Hendon assigned his rights to "past or presently due benefits" to plaintiff. *Covenant*, 500 Mich at 505 n 40.