*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* WARBLOW, Minors.

UNPUBLISHED
November 17, 2022

No. 360948
Jackson Circuit Court
Family Division
LC No. 22-001310-NA

Before: HOOD, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM.

Respondent-father appeals as of right the trial court order terminating his parental rights to his two minor children, MW and HW, under MCL 712A.19b(3)(b)(*i*) (parent caused physical injury or sexual abuse and there is a reasonable likelihood the child will suffer from abuse if placed in the parent's home), (b)(*ii*) (parent had the opportunity to prevent physical or sexual abuse and failed to do so), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood the child will be harmed if returned to parent's home). Respondent argues that the trial court erred by (1) terminating respondent's parental rights at initial disposition without first finding that aggravated circumstances existed or reasonable efforts were made, and (2) finding that termination was in the children's best interests based solely on the doctrine of anticipatory neglect. We vacate the trial court order and remand for the trial court to make a determination whether aggravated circumstances exist or order that reasonable efforts be made.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Respondent is married to CW, a nonrespondent parent in this matter. CW has three children from previous relationships—MS, ES, and CP. MS and ES, now teenagers, share a biological father. Respondent and CW share the two children who are subject to this appeal—MW and HW.

This case arises from a February 2022 petition filed by the Department of Health and Human Services (DHHS) seeking jurisdiction of MW and HW, to remove respondent from the home, and to terminate his parental rights at initial disposition. The petition was based on recent disclosures by ES that respondent sexually abused her when she was in fourth and fifth grade, as well as a 2019 Child Protective Services (CPS) complaint that respondent forced MS to wait

outside for the school bus for an extended time in freezing temperatures. A preliminary hearing was held, and respondent denied the allegations and waived a probable cause hearing. The court ordered respondent to vacate the home, but allowed him to have supervised parenting time with MW and HW.

A bifurcated bench trial for adjudication and disposition was held in March 2022. ES testified about several instances in which she witnessed respondent physically abuse MS. Additionally, ES testified that when she was in fourth and fifth grade, when she stayed home from school, respondent would ask her to rub his leg, and then his erect penis, and she did. On one occasion, respondent asked ES to take off her pants, and when she refused, he tried to bribe her with television. ES has tried to run away three times, and has been hospitalized for mental health issues four times. CW testified that she never witnessed respondent physically abuse any of the children, or sexually abuse ES. She testified that he was a good father to MW and HW. She denied that ES ever disclosed the allegations of sexual abuse to her. On cross-examination, CW could not recall several CPS investigations concerning respondent's physical abuse of MS in which CW and respondent refused to cooperate with CPS. She believed that the children made up the allegations, and she did not believe ES's allegations of sexual abuse. Similarly, respondent denied all allegations of physical abuse against MS and sexual abuse against ES. He admitted telling his children not to speak to CPS. However, CW's sister, SE, testified that she witnessed respondent hit MS in the ear, and then lie about it to CW. ES was currently residing with SE.

The court first determined that, by a preponderance of the evidence, there were statutory grounds to take jurisdiction of the children under MCL 712A.2(b). Then it proceeded to disposition, and after hearing testimony from two CPS workers, concluded that statutory grounds existed to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (b)(*ii*), (g), and (j), and that termination was in the children's best interests. Respondent now appeals.

## II. REASONABLE EFFORTS

Respondent first argues that the trial court erred by terminating his parental rights at initial disposition without first finding that aggravated circumstances or reasonable efforts to reunify the family had occurred, and moreover, aggravated circumstances did not exist in this case.

An issue is preserved for appeal if it is raised in or addressed by the trial court. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Although respondent's counsel asserted during closing argument that there were other options less than termination available, respondent never specifically addressed or raised the issue of whether aggravated circumstances existed to excuse DHHS from providing reasonable efforts to reunify the family. Accordingly, this issue is unpreserved. It is therefore reviewed for plain error affecting respondent's substantial rights. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App at 9. If these requirements are satisfied, this court "must exercise its discretion in deciding whether to reverse." *Carines*, 460 Mich at 763. Reversal is not warranted

if the plain, forfeited error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id*. at 763-764.

As an initial matter, petitioner argues that respondent waived this issue because at the bench trial, "respondent-appellant conceded that the trial court could terminate based upon the finding of sexual abuse at adjudication." "A waiver is an intentional relinquishment or abandonment of a known right." *Nexteer Auto Corp v Mando America Corp*, 314 Mich App 391, 395; 886 NW2d 906 (2016). Reading the statement of respondent's attorney in context, there was no waiver. During closing argument of the dispositional phase of the hearing, petitioner's attorney argued that under caselaw, termination of one child is proper if there is sexual abuse of a sibling or half sibling. In response, during closing argument, respondent's counsel stated that petitioner was correct that under caselaw, "the Court can find for termination in this case based upon the fact that there was sexual abuse found at the adjudicative process in this case, that that is an option for the Court. However, I don't believe the [caselaw] states that is mandatory." As stated, these were closing arguments during the dispositional phase. This was after the trial court adjudicated the children, and proceeded to disposition without discussing aggravated circumstances. Thus, when read in context, the statement of respondent's attorney did not waive this issue on appeal, but rather, was in response to petitioner's assertion that the court could terminate at disposition based on the sexual abuse of a half sibling.

Reasonable efforts to reunify the family must be made by DHHS "in *all* cases except those involving aggravated circumstances." *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010) (quotation marks and citation omitted). Absent aggravated circumstances, DHHS "has an affirmative duty to make reasonable efforts to reunify a family before seeking termination of parental rights." *In re Hicks/Brown*, 500 Mich 79, 85; 893 NW2d 637 (2017). As part of these reasonable efforts, DHHS must create a service plan outlining the steps that DHHS and the parent will take to rectify the issues and achieve reunification. *In re Simonetta*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357909); slip op at 3-4.

MCL 712A.19a(2)(a) provides that reasonable efforts to reunify the child and family must be made in all cases except "if any of the following apply:"

> (a) There is a judicial determination that the parent has subjected the child to aggravated circumstances as provided in section 18(1) and (2) of the child protection law, 1975 PA 238, MCL 722.638.

MCL 722.638(1) requires DHHS to file a petition for authorization by the court if:

> (a) The department determines that a parent, guardian, or custodian, or a person who is 18 years of age or older and who resides for any length of time in the child's home, has abused the child or a sibling of the child and the abuse included 1 or more of the following:

> \* \* \*

> (*ii*) Criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate.

-3-

(*iii*) Battering, torture, or other severe physical abuse.

If a petition is required to be filed under MCL 722.638(1), i.e., there are aggravating circumstances, then MCL 722.638(2) requires that the petition include a request to terminate parental rights at initial disposition "if a parent is a suspected perpetrator or is suspected of placing the child at an unreasonable risk of harm due to the parent's failure to take reasonable steps to intervene to eliminate that risk."

The petition in this matter included the allegations of sexual abuse by ES, as well as the bus incident with MS. The petition stated that reasonable efforts made to prevent removal included CPS investigations, law enforcement investigations, Jackson County Child Advocacy, inpatient mental health hospitalizations, counseling, safety planning, and team meetings. This refers to the history and past occurrences of this case, not to any parent-agency agreement providing services to respondent. No agreement was ever offered or entered. At the preliminary hearing, although incomplete in the provided transcript because of undecipherable comments, the trial court seemingly declined to address reasonable efforts.[1] The order after the preliminary hearing did not have any boxes checked regarding reasonable efforts. Neither did the order entered after the pretrial hearing.

At the end of the adjudicative phase of the bench trial, after the trial court found statutory grounds to exercise jurisdiction, the court stated,

> As I said, specific findings are on the Record. I did not hear the worker testify as to reasonable efforts that those efforts were determined in a prior order. Typically, where I would write them out in my order, I simply can check the box.
>
> Also, same with contrary to the welfare findings. Those were made in a prior—well, no, they weren't made cuz [sic] the children were not removed. There's no need to make them. The alleged abuser was the one that was removed.

The court then proceeded to disposition. After the parties rested, and the court gave its findings from the bench, it stated, "So I've already discussed reasonable efforts. A lot of this is the same." None of the boxes regarding reasonable efforts were check-marked in the order of adjudication or the order of disposition. On the order following the hearing which terminated respondent's parental rights, the box next to paragraph number 6 was check-marked, which states that "[r]easonable efforts were made to preserve and unify the family to make it possible for the child(ren) to safely return to the child(ren)'s home. Those efforts were unsuccessful."

From this record, it is clear that the trial court did not engage in any meaningful analysis or articulate a factual finding that aggravated circumstances existed. Under MCL 712A.19a(2)(a), there must be a "judicial determination that the parent has subjected the child to aggravated circumstances" before DHHS is excused from making reasonable efforts. Thus, we vacate the order terminating respondent's parental rights, and remand to the trial court to "either order that

---

[1] The court stated, "The Court will not—(undecipherable)—contrary to the welfare finding—or not—(undecipherable)—reasonable efforts at this point."

the petitioner provide reasonable services to the respondent, or articulate a factual finding based on clear and convincing evidence that aggravated circumstances exist such that services are not required." *In re Simonetta*, 507 Mich 943, 943; 959 NW2d 170 (2021). Because the trial court never addressed whether aggravated circumstances existed, the parties' arguments regarding whether aggravated circumstances existed under MCL 722.638(1)(a), i.e., whether respondent had the intent to penetrate or the bus incident rose to the level of severe abuse, are not properly before this Court, and will not be discussed herein. This also renders discussion of respondent's second issue on appeal, best interests, unnecessary.

The order terminating respondent's parental rights is vacated, and we remand to the trial court to make a finding that aggravated circumstances exist or order that reasonable efforts be made. We retain jurisdiction.

/s/ Noah P. Hood
/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly

# Court of Appeals, State of Michigan

# ORDER

Noah P. Hood
Presiding Judge

In re Warblow Minors

Docket No. 360948

Kathleen Jansen

LC No. 22-001310-NA

Kirsten Frank Kelly
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall be completed within 28 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, this matter is remanded for the trial court to make a determination as to whether aggravated circumstances exist or order that reasonable efforts be made. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings, on remand shall be prepared and filed within 21 days after completion of the proceedings.

Appellant may file a supplemental brief pertaining to the issue on remand within 21 days after entry of the circuit court's order deciding the matter or 21 days after the transcript of the hearing is filed, whichever is later. Appellee may file a supplemental brief in response within 21 days after respondent files his supplemental brief.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

November 17, 2022
Date

Chief Clerk