Fort Hood, P.J.
 

 This case is again before us following remand from the Michigan Supreme Court.
 
 [1]
 
 In our earlier opinion, we concluded that the trial court properly determined that res judicata did not operate to bar plaintiff's claims against defendant. However, the Michigan Supreme Court has remanded this case to our Court to reconsider our initial disposition in light of the Michigan Supreme Court's decision in
 
 Covenant Med. Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.
 
 ,
 
 500 Mich. 191
 
 ,
 
 895 N.W.2d 490
 
 (2017). For the reasons set forth in this opinion, we vacate the trial court's stipulated order for dismissal and consent judgment, reverse the trial court's order denying defendant's motion for summary disposition, and remand for entry of judgment in favor of defendant.
 
 [2]
 

 I. FACTS AND PROCEDURAL HISTORY
 

 In our earlier opinion we recited the relevant facts, in pertinent part, as follows:
 

 On June 25, 2013, Charles Hendon, Jr. was involved in a motor vehicle accident when his vehicle was allegedly rear-ended by an unidentified hit and run driver, causing bodily injury. Defendant Sentinel Insurance Company is Hendon's insurer. From August 1, 2013, through October 7, 2013, plaintiff VHS Huron Valley-Sinai Hospital, doing business as DMC Surgery Hospital, provided medical services to Hendon for his care, recovery, and rehabilitation related to his injuries sustained in the automobile accident, at a cost totaling $68,569.
 

 On September 9, 2013, Hendon commenced a cause of action against Sentinel asserting a claim for uninsured motorist benefits under his insurance policy and alleging negligence on the part of the unidentified hit and run driver involved in the accident. Hendon did not assert a claim for no-fault [personal protection insurance (PIP) ] benefits as part of his lawsuit. Thereafter, on July 15, 2014, DMC, plaintiff in the instant case, commenced a cause of action against Sentinel asserting a claim for no-fault PIP benefits for the medical services DMC provided to Hendon for injuries arising out of the accident. On October 21, 2014, Hendon and Sentinel settled Hendon's lawsuit seeking uninsured motorist benefits for $1,500 and, on October 29, 2014, that suit was dismissed, with prejudice, per stipulation of the parties.
 

 After settling Hendon's case, Sentinel sought summary disposition of DMC's action for PIP benefits under MCR 2.116(C)(7), asserting that it was barred by res judicata. The trial court denied Sentinel's motion, concluding that res judicata did not bar DMC's claim because it could not have been resolved in Hendon's earlier action for uninsured motorist benefits given the dissimilarity in the two claims. The court then entered a stipulated order for dismissal and consent agreement, which closed the case but allowed Sentinel to appeal as of right the court's denial of its motion for summary disposition. Sentinel appeals. [
 

 VHS Huron Valley Sinai Hosp. v. Sentinel Ins. Co
 
 ., unpublished per curiam opinion of the Court of Appeals, issued October 13, 2016 (Docket No. 328005), pp. 1-2,
 
 2016 WL 6038312
 
 , vacated and remanded
 
 501 Mich. 857
 
 ,
 
 900 N.W.2d 628
 
 (2017).]
 

 This Court concluded that the trial court properly determined that res judicata did not bar plaintiff's claim for PIP benefits and that the trial court did not err by denying defendant's motion for summary disposition under MCR 2.116(C)(7).
 
 VHS Huron Valley Sinai Hosp
 
 ., unpub. op. at 2. With regard to the second element of res judicata, this Court determined that the actions did not involve the same parties or their privies because Hendon and plaintiff were not in privity with one another.
 
 Id
 
 . at 3-4. This Court reasoned that because Hendon asserted only a claim for uninsured motorist benefits and plaintiff had no interest or right to those benefits, Hendon and plaintiff "did not share a substantial identity of interest" in those benefits, nor did plaintiff have "a mutual or successive relationship in those benefits."
 
 Id
 
 . at 4. According to this Court, plaintiff's interest in or right to the recovery of PIP benefits was not represented or protected in the earlier litigation, and Hendon had no motivation in the earlier litigation to protect plaintiff's interest in or right to recover PIP benefits.
 
 Id
 
 . Therefore, this Court affirmed the trial court's decision.
 
 Id
 
 . at 5.
 

 On November 9, 2016, this Court denied defendant's motion for reconsideration.
 
 VHS Huron Valley Sinai Hosp. v. Sentinel Ins. Co
 
 ., unpublished order of the Court of Appeals, entered November 9, 2016 (Docket No. 328005). On December 20, 2016, defendant filed an application for leave to appeal in the Michigan Supreme Court. On September 12, 2017, the Michigan Supreme Court vacated this Court's judgment and remanded to this Court for reconsideration in light of
 
 Covenant
 
 .
 
 VHS Huron Valley Sinai Hosp.
 
 ,
 
 501 Mich. 857
 
 ,
 
 900 N.W.2d 628
 
 (2017). On remand to this Court, defendant moved for peremptory reversal, arguing that
 
 Covenant
 
 compels the dismissal of plaintiff's claims. In its answer to the motion, plaintiff argued that
 
 Covenant
 
 is inapplicable because defendant waived the issue of standing by agreeing to the stipulated order for dismissal and consent judgment, which permitted defendant to appeal the issue of res judicata only. On October 26, 2017, this Court denied defendant's motion for peremptory reversal "for failure to persuade the Court of the existence of manifest error requiring reversal and warranting peremptory relief without argument or formal submission."
 
 VHS Huron Valley Sinai Hosp. v. Sentinel Ins. Co
 
 ., unpublished order of the Court of Appeals, entered October 26, 2017 (Docket No. 328005). After receiving leave from this Court to do so, defendant filed a supplemental brief, and plaintiff filed a brief in response.
 

 II. ANALYSIS
 

 On remand, the pivotal question is whether the Michigan Supreme Court's decision in
 
 Covenant
 
 affects this Court's prior decision concluding that summary disposition in favor of defendant was not warranted.
 

 As an initial matter, in
 
 Covenant
 
 , the Michigan Supreme Court held "that healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act."
 
 Covenant
 
 ,
 
 500 Mich. at 196
 
 ,
 
 895 N.W.2d 490
 
 . In so ruling, the
 
 Covenant
 
 Court declined to "follow the long line of cases from the Court of Appeals recognizing that a healthcare provider may sue a no-fault insurer to recover PIP benefits under the no-fault act."
 
 Id
 
 . at 200,
 
 895 N.W.2d 490
 
 . Instead, it relied "on the language of the
 no-fault act to conclude that a healthcare provider possesses no statutory cause of action against a no-fault insurer for recovery of PIP benefits."
 
 Id
 
 . at 200,
 
 895 N.W.2d 490
 
 .
 
 [3]
 

 Post-
 
 Covenant
 
 , this Court has recognized that a healthcare provider "cannot pursue a statutory cause of action for PIP benefits directly from an insurer."
 
 W. A. Foote Mem. Hosp. v. Mich. Assigned Claims Plan
 
 ,
 
 321 Mich.App. 159
 
 , 172,
 
 909 N.W.2d 38
 
 (2017),
 
 2017 WL 3836645
 
 . In
 
 W. A. Foote Mem. Hosp.
 
 ,
 
 id.
 
 at 173,
 
 909 N.W.2d 38
 
 , this Court considered whether
 
 Covenant
 
 should apply retroactively to cases pending on appeal when it was decided or apply prospectively only. This Court concluded that it was required to apply the Michigan Supreme Court's decision in
 
 Spectrum Health Hosps. v. Farm Bureau Mut. Ins. Co. of Mich.
 
 ,
 
 492 Mich. 503
 
 ,
 
 821 N.W.2d 117
 
 (2012) -which "essentially adopted the rationale" of the United States Supreme Court's decision in
 
 Harper v. Virginia Dep't of Taxation
 
 ,
 
 509 U.S. 86
 
 , 97,
 
 113 S.Ct. 2510
 
 ,
 
 125 L.Ed.2d 74
 
 (1993) -holding that judicial decisions concerning statutory interpretation apply retroactively to all cases pending on direct review when the rule is announced.
 
 W. A. Foote Mem. Hosp.
 
 ,
 
 321 Mich. App. at 190-191
 
 ,
 
 909 N.W.2d 38
 
 .
 

 In
 
 W. A. Foote Mem. Hosp
 
 .,
 

 id. at
 

 167-168, 173-174, 183, 196
 
 ,
 
 909 N.W.2d 38
 
 , this Court applied
 
 Covenant
 
 retroactively because the issue whether the plaintiff possessed a statutory cause of action was preserved and the case was pending on direct review when
 
 Covenant
 
 was issued. Because the issue whether the plaintiff possessed a statutory cause of action was preserved, this Court stated that it was not necessary to decide whether full or limited retroactivity should apply.
 
 Id
 
 . at 174 n. 9,
 
 909 N.W.2d 38
 
 ,
 
 2017 WL 3836645
 
 . As this Court explained, "[A] judicial decision with full retroactivity would apply to all cases then pending, whereas with limited retroactivity it would apply in pending cases in which the issue had been raised and preserved."
 
 Id
 
 . at 175 n. 9,
 
 909 N.W.2d 38
 
 (citation omitted). Finally, this Court concluded that, even if it were to consider the "threshold question" and the "three-factor test" that are often stated in Michigan caselaw, it would not "find a level of exigency that would justify contravening the general rule of full retroactivity."
 
 Id
 
 . at 191, 195,
 
 909 N.W.2d 38
 
 .
 

 As in
 
 W. A. Foote Mem. Hosp.
 
 , the question of whether
 
 Covenant
 
 should be given full or limited retroactive effect is not determinative in this case, given that defendant raised plaintiff's lack of standing as an affirmative defense. Additionally, in its motion for summary disposition, defendant stated that it was "[a]ssuming for purposes of this Motion that Plaintiff has standing at all[.]" Moreover, given that it is a question of law and all the facts necessary for its resolution are present, the issue of standing is preserved and
 
 Covenant
 
 would apply to this case even if it were given only limited retroactivity. See
 

 id.
 

 , at 174,
 
 909 N.W.2d 38
 
 .
 

 In their briefs following remand, the parties disagree on a key issue relevant to the interplay between
 
 Covenant
 
 and the facts of this case, that being whether defendant waived the issue of standing
 
 [4]
 
 by entering into a stipulated
 order for dismissal and consent judgment in the trial court.
 

 This Court reviews de novo issues pertaining to the interpretation of contractual language and interprets contractual terms in accordance with their ordinary meaning when the terms are not expressly defined in the contract.
 
 Barton-Spencer v. Farm Bureau Life Ins. Co. of Mich.
 
 ,
 
 500 Mich. 32
 
 , 39,
 
 892 N.W.2d 794
 
 (2017). The Michigan Supreme Court has also recently instructed that we are to "construe contracts 'so as to give effect to every word or phrase as far as practicable.' "
 
 Id
 
 . at 40,
 
 892 N.W.2d 794
 
 , quoting
 
 Klapp v. United Ins. Group Agency, Inc.
 
 ,
 
 468 Mich. 459
 
 , 467,
 
 663 N.W.2d 447
 
 (2003).
 

 This Court's main goal in the interpretation of contracts is to honor the intent of the parties. The words used in the contract are the best evidence [of] the parties' intent. When contract language is clear, unambiguous, and has a definite meaning, courts do not have the ability to write a different contract for the parties, or to consider extrinsic testimony to determine the parties' intent. [
 
 Auto-Owners Ins. Co. v. Campbell-Durocher Group Painting & Gen. Contracting, LLC
 
 ,
 
 322 Mich.App. 218
 
 , 225,
 
 911 N.W.2d 493
 
 (2017),
 
 2017 WL 4557612
 
 , quoting
 
 Kyocera Corp. v Hemlock Semiconductor, LLC
 
 ,
 
 313 Mich.App. 437
 
 , 446,
 
 886 N.W.2d 445
 
 (2015) (quotation marks omitted).]
 

 "A stipulation is an agreement, admission, or concession made by the parties in a legal action with regard to a matter related to the case."
 
 In re Koch Estate
 
 ,
 
 322 Mich.App. 383
 
 , 402,
 
 912 N.W.2d 205
 
 (2017),
 
 2017 WL 6502821
 
 (quotation marks and citation omitted). This Court will construe a stipulation using the same principles applicable to a contract.
 
 Id
 
 . See also
 
 In re Nestorovski Estate
 
 ,
 
 283 Mich. App. 177
 
 , 183,
 
 769 N.W.2d 720
 
 (2009) (recognizing that stipulated orders that the trial court accepts and enters are interpreted using the same legal principles applicable to contracts). Moreover, we are aware of the well-settled legal principle emphasized by our dissenting colleague and discussed in the Michigan Supreme Court's decision in
 
 Rory v. Continental Ins. Co.
 
 ,
 
 473 Mich. 457
 
 , 468,
 
 703 N.W.2d 23
 
 (2005), that it is a "fundamental tenet" of contract jurisprudence that "unambiguous contracts are not open to judicial construction and must be
 
 enforced as written
 
 ." This legal principle is grounded in the rationale that the judiciary ought not interfere with the right of individuals to "arrange their affairs via contract."
 
 Id
 
 .
 

 With regard to the issue of waiver, in
 
 Nexteer Auto. Corp. v. Mando America Corp.
 
 ,
 
 314 Mich.App. 391
 
 , 395-396,
 
 886 N.W.2d 906
 
 (2016), this Court stated, in pertinent part:
 

 A waiver is an intentional relinquishment or abandonment of a known right. An affirmative expression of assent constitutes a waiver. In contrast, a failure to timely assert a right constitutes a forfeiture.
 

 A stipulation is an agreement, admission or concession made by the parties in a legal action with regard to a matter related to the case.
 
 To waive a right, the language of a stipulation must show an intent to plainly relinquish that right
 
 . However, the use of specific key words is not required to waive a right. [Quotation marks and citations omitted; emphasis added.]
 

 Returning to the facts of the present case, the stipulated order for dismissal and consent judgment provides, in pertinent part:
 

 WHEREFORE, upon hearing and argument of April 24, 2015, this Court entered an Order dated May 21, 2015
 denying the Motion for Summary Disposition brought by Sentinel Insurance Company ("Sentinel").
 

 WHEREFORE, Sentinel argued that it was entitled to summary disposition on the grounds that this provider suit is barred by
 
 res judicata,
 
 the injured party (Charles Hendon) having filed his own suit against Sentinel, based upon the same accident that gave rise to this suit, which was dismissed with prejudice pursuant to a release.
 

 WHEREFORE, Sentinel wishes to enter a final Order in this cause for the purpose of filing an appeal as of right from the court's May 21, 2015 decision, which denied Sentinel's Motion for Summary Disposition.
 

 WHEREFORE, Sentinel and Plaintiff VHS Huron-Valley Sinai Hospital, d/b/a DMC Surgery Hospital ("DMC") have agreed to the amount that DMC would be entitled to, if Sentinel's position regarding
 
 res judcata
 
 /release [sic] is ultimately rejected by the Michigan Court of Appeals or Supreme Court.
 

 WHEREFORE, the parties hereby agree to the entry of a judgment (subject to Sentinel's right to appeal as set forth above) against Sentinel and in favor of DMC in the amount of $61,712.18, plus taxable costs [and interest calculated under MCL 600.6013 of the Revised Judicature Act (RJA) ] consistent with
 
 Bonkowski v. Allstate
 
 [
 
 Ins. Co.
 
 ],
 
 281 Mich.App. 154
 
 [
 
 761 N.W.2d 784
 
 ] (2008).
 

 WHEREFORE, the parties further agree that, if Sentinel's position regarding
 
 res judcata
 
 /release [sic] is ultimately rejected by the Michigan Court of Appeals or Supreme Court, DMC will also be entitled to an award of interest pursuant to MCL 500.3142, to be calculated at the time the aforementioned judgment is paid to DMC based upon the following dates:
 

 * * *
 

 WHEREFORE, based upon the foregoing, IT IS HEREBY ORDERED that judgment is entered in favor of DMC and against Sentinel in the amount of $61,712.18, plus taxable costs and RJA interest consistent with
 
 Bonkowski v. Allstate
 
 ,
 
 281 Mich.App. 154
 
 ,
 
 761 N.W.2d 784
 
 (2008), plus interest pursuant to MCL 500.3142 to be calculated as indicated above at the time said judgment is satisfied.
 

 IT IS FURTHER ORDERED that, notwithstanding anything set [forth] above, Sentinel hereby reserves its appellate rights with respect to the May 21, 2015 denial of its Motion for Summary Disposition, as it is Sentinel's intention to use this order as a final order allowing it to appeal by right from that decision.
 

 IT IS FURTHER ORDERED that the aforementioned judgment amount shall not be recoverable until Sentinel has exhausted its appellate remedies, relative to the denial of its Motion for Summary Disposition.
 

 IT IS FURTHER ORDERED that if, for any reason, Sentinel chooses not to further pursue its appellate remedies, this judgment shall remain in effect and shall be recoverable upon expiration of any applicable appeal period(s) relative to the denial of Sentinel's Motion for Summary Disposition.
 

 IT IS FURTHER ORDERED that if, for any reason, an appellate court determines that this Consent Judgment is not a final order that is appealable by right, this agreement is null and void.
 

 IT IS FURTHER ORDERED that the above-entitled cause of action be, and hereby is, dismissed with prejudice and without costs to any of the parties hereto, pursuant to the terms herein.
 

 This is a final order that resolves the last pending claim and closes the case at the trial court level.
 

 The Michigan Supreme Court has made it abundantly clear, following a comprehensive review of the no-fault act, MCL 500.3101
 
 et seq
 
 ., that healthcare providers do not have standing to pursue a claim against a no-fault insurer for PIP benefits for the allowable expenses incurred by an insured.
 
 Covenant
 
 , 500 Mich. at 195,
 
 895 N.W.2d 490
 
 . While plaintiff asserts that defendant waived its opportunity to challenge plaintiff's standing to bring this cause of action by entering into the stipulated order for dismissal and consent judgment, we disagree with this contention. We recognize that the language of the stipulated order for dismissal and consent judgment established defendant's intent to appeal this case on the issue of "
 
 res judicata
 
 /release," the issue that was decided following defendant's motion for summary disposition. However, we are not persuaded that a review of the plain language of the stipulated order for dismissal and consent judgment leads to the inexorable conclusion that defendant intended to waive any and all issues related to plaintiff's standing. Our conclusion is buttressed by the fact that there is no language in the stipulated order for dismissal and consent judgment indicating that defendant intended to clearly and unequivocally waive its legal position with respect to plaintiff's standing.
 
 Nexteer Auto. Corp.
 
 ,
 
 314 Mich.App. at 395-396
 
 ,
 
 886 N.W.2d 906
 
 . This Court may not "read into the contract terms not agreed upon by the parties."
 
 Trimble v. Metro. Life Ins. Co.
 
 ,
 
 305 Mich. 172
 
 , 175,
 
 9 N.W.2d 49
 
 (1943) (quotation marks and citation omitted).
 

 While we properly base our conclusion on the plain language of the stipulated order for dismissal and consent judgment, our determination is supported by a review of the record and the procedural posture of this case as a whole. For example, as a matter of background, given the state of the law before
 
 Covenant
 
 was decided, defendant may have reasonably surmised that any challenges to plaintiff's standing would have been rejected by the trial court and the appellate courts. See
 
 W. A. Foote Mem. Hosp.
 
 ,
 
 321 Mich.App. at 174
 
 ,
 
 909 N.W.2d 38
 
 (recognizing, in the context of rejecting the assertion that standing was waived, that "it is clear that counsel was aware that then-applicable Court of Appeals precedent likely would have rendered any [argument regarding standing] futile"). Put another way, defendant may have concluded, very reasonably on the basis of the then-existing pertinent jurisprudence, that disputing plaintiff's standing in the trial court, as on appeal, would not have been the most successful avenue to pursue. Additionally, as already noted, defendant aptly questioned in its motion for summary disposition whether plaintiff even had standing in this case. Moreover, while its application for leave was pending in the Michigan Supreme Court, and the day after
 
 Covenant
 
 was decided, defendant filed supplemental authority in the Michigan Supreme Court challenging plaintiff's standing to pursue this cause of action. These circumstances support our conclusion that the plain language of the stipulated order for dismissal and consent judgment in this case does not manifest defendant's intention to "plainly relinquish" its right to challenge plaintiff's standing.
 
 Nexteer
 
 ,
 
 314 Mich.App. at 395-396
 
 ,
 
 886 N.W.2d 906
 
 .
 

 III. CONCLUSION
 

 Accordingly, in light of the Michigan Supreme Court's pronouncement in
 
 Covenant
 
 , plaintiff does not have a cause
 of action against defendant.
 
 [5]
 
 We vacate the trial court's stipulated order for dismissal and consent judgment, reverse the trial court's order denying defendant's motion for summary disposition, and remand for entry of judgment in favor of defendant. We do not retain jurisdiction.
 

 O'Brien, J., concurred with Fort Hood, P.J.
 

 VHS Huron Valley Sinai Hosp. v. Sentinel Ins. Co.
 
 ,
 
 501 Mich. 857
 
 ,
 
 900 N.W.2d 628
 
 (2017).
 

 If it were not for our dissenting colleague's insistence on publication pursuant to MCR 7.215(A), this opinion would not be published because it does not meet the standards of MCR 7.215(B).
 

 This Court is bound to follow precedent of the Michigan Supreme Court.
 
 State Treasurer v. Sprague
 
 ,
 
 284 Mich.App. 235
 
 , 242,
 
 772 N.W.2d 452
 
 (2009).
 

 "Whether a party has standing is a question of law that is reviewed de novo by this Court."
 
 Coldsprings Twp. v. Kalkaska Co. Zoning Bd. of Appeals
 
 ,
 
 279 Mich.App. 25
 
 , 28,
 
 755 N.W.2d 553
 
 (2008) (citation omitted).
 

 There is no indication in the record that Hendon assigned his rights to "past or presently due benefits" to plaintiff.
 
 Covenant
 
 , 500 Mich. at 217 n. 40,
 
 895 N.W.2d 490
 
 .