*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

W. A. FOOTE MEMORIAL HOSPITAL, doing
business as ALLEGIANCE HEALTH,

Plaintiff-Appellant,

v

MICHIGAN ASSIGNED CLAIMS PLAN,
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY, and JOHN DOE
INSURANCE COMPANY

Defendants-Appellees.

UNPUBLISHED
January 29, 2019

No. 340419
Jackson Circuit Court
LC No. 16-000768-NF

Before: CAMERON, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this no-fault insurance action, plaintiff, W.A. Foote Memorial Hospital, doing business as Allegiance Health, appeals an order granting summary disposition in favor of defendants, Michigan Assigned Claims Plan (MACP) and Michigan Automobile Insurance Placement Facility (MAIPF), pursuant to MCR 2.116(C)(8). We affirm.

Pursuant to the Michigan no-fault insurance act, MCL 500.3101 *et seq.*, plaintiff seeks assignment of a claim as a healthcare provider in connection with services it provided to an uninsured person involved in a motor vehicle accident. Plaintiff also seeks payment of personal injury protection insurance (PIP) benefits for those services.

Plaintiff argues that the decision in *Covenant Med Ctr, Inc v State Farm Mut Ins Co*, 500 Mich 191, 196; 895 NW2d 490 (2017), establishing that a healthcare provider does not have a direct cause of action against no-fault insurers, applies only prospectively. We disagree.

A court's decision to grant summary disposition is reviewed de novo. *Id.* at 199. Issues of statutory interpretation and whether a judicial decision applies retroactively are questions of law that this Court reviews de novo. *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 168; 909 NW2d 38 (2017). The determination whether a decision conflicts with

a prior published opinion is a question of law subject to de novo review. *People v Danto*, 294 Mich App 596, 605; 822 NW2d 600 (2011).

In *Covenant*, the Michigan Supreme Court held "that healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act." *Covenant*, 500 Mich at 196. The *Covenant* Court declined to "follow the long line of cases from the Court of Appeals recognizing that a healthcare provider may sue a no-fault insurer to recover PIP benefits under the no-fault act." *Id*. at 200. Instead, it relied "on the language of the no-fault act to conclude that a healthcare provider possesses no statutory cause of action against a no-fault insurer for recovery of PIP benefits." *Id*.

We are bound to follow the decision in *Covenant*. See *Associated Builders & Contractors v Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016). And in *W A Foote Mem Hosp*, 321 Mich App at 176-191, this Court evaluated whether *Covenant* should apply retroactively to cases pending on appeal when *Covenant* was decided or apply prospectively only. The Court in *W A Foote Mem Hosp* concluded that the Michigan Supreme Court's decision in *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503; 821 NW2d 117 (2012), controlled. That decision "essentially adopted the rationale" of the United States Supreme Court's decision in *Harper v Virginia Dep't of Taxation*, 509 US 86, 97; 113 S Ct 2510; 125 L Ed 2d 74 (1993), holding that judicial decisions concerning statutory interpretation apply retroactively to all cases pending on direct review when the rule is announced. *W A Foote Mem Hosp*, 321 Mich App at 190-191.

The Court in *W A Foote Mem Hosp* applied *Covenant* retroactively because the issue there—whether the plaintiff possessed a statutory cause of action—was preserved and the case was pending on direct review when *Covenant* was issued. *Id*. at 167-168, 173-174, 183-184, 196. The *W A Foote Mem Hosp* Court clarified that "the general rule is, and always has been, that judicial decisions apply retroactively." *Id*. at 180. The remaining issue in these cases is the circumstances under which exceptions to the general rule of retroactivity should be made. *Id*. The Court in *W A Foote Mem Hosp* concluded that, even if it were to consider the "threshold question" and the "three-factor test" as stated in *Pohutski v Allen Park*, 465 Mich 675, 696; 641 NW2d 219 (2002), it would not "find a level of exigency that would justify contravening the general rule of full retroactivity." *Id*. at 191, 195. This was a permissible interpretation of the law. See *VHS Huron Valley Sinai Hosp v Sentinel Ins Co (On Remand)*, 322 Mich App 707, 713-715; 916 NW2d 218 (2018).

Under MCR 7.215(C)(2), "[a] published opinion of the Court of Appeals has precedential effect under the rule of stare decisis." "The rule of stare decisis generally requires courts to reach the same result when presented with the same or substantially similar issues in another case with different parties." *WA Foote Mem Hosp v City of Jackson*, 262 Mich App 333, 341; 686 NW2d 9 (2004). However, despite the doctrine of stare decisis, a rule of law from a case may not be binding on a subsequent case if that case is factually distinguishable. *Yankee Springs Twp v Fox*, 264 Mich App 604, 613 n 1; 692 NW2d 728 (2004). The issue presented on appeal in this case—whether *Covenant* should be applied retroactively to those cases pending on direct appeal at the time it was decided—is not factually distinguishable from our recent decision in *W A Foote Mem Hosp*. That case turned on the fact that the healthcare provider had filed a direct action against defendants that was pending when *Covenant* was decided. The same is true in this

case. As a result, we conclude that *Covenant* applies retroactively, following the precedent set forth in *W A Foote Mem Hosp*, as we are bound to do. See *Shah v State Farm Mut Auto Ins Co*, 324 Mich App 182, 195-196; 920 NW2d 148 (2018); *Bronson Healthcare Group, Inc v Mich Assigned Claims Plan*, 323 Mich App 302, 305-306; 917 NW2d 682 (2018); *VHS Huron Valley Sinai Hosp (On Remand)*, 322 Mich App at 713-715. Accordingly, the trial court did not err when it granted summary disposition in favor of defendants.

Affirmed.


/s/ Thomas C. Cameron
/s/ Jane M. Beckering
/s/ Amy Ronayne Krause