*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WASHTENAW COUNTY PARKS AND
RECREATION COMMISSION,

UNPUBLISHED
March 10, 2022

Plaintiff-Appellee,

v

No. 355889
Washtenaw Circuit Court
LC No. 20-000498-CB

VORTEX AQUATIC STRUCTURES
INTERNATIONAL, INC., doing business as
VORTEX USA, INC.,

Defendant-Appellant.

Before: REDFORD, P.J., and SAWYER and MURRAY, JJ.

PER CURIAM.

In this interlocutory appeal, defendant appeals by leave granted[1] the circuit court's denial of defendant's motion for summary disposition on the ground that plaintiff's indemnification claims were not barred by the durational term provided in the parties' contract. We reverse and remand for entry of an order granting summary disposition in favor of defendant.

## I. FACTUAL BACKGROUND

In April 2012 the parties contracted for defendant to design and construct the Blue Heron Bay Splash Pad at Independence Lake Park for plaintiff's payment of an amount not to exceed $212,000 (subject to authorized change orders) upon completion and acceptance of defendant's services. Article IV defined the temporal duration of the parties' contract:

---

[1] *Washtenaw Co Parks & Recreation Comm v Vortex Aquatic Structures, Inc*, unpublished order of the Court of Appeals, entered March 26, 2021 (Docket No. 355889).

This contract begins on April 10, 2012 and ends on November 15, 2012 according to the project schedule and as modified through authorized change orders.

Article VI required defendant to indemnify plaintiff as follows:

The contractor will protect, defend and indemnify Washtenaw County, its officers, agents, servants, volunteers and employees from any and all liabilities, claims, liens, fines, demands and costs, including legal fees, of whatsoever kind and nature which may result in injury or death to any persons, including the Contractor's own employees, and for loss or damage to any property, including property owned or in the care, custody, or control of Washtenaw County in connection with or in any way incident to or arising out of the occupancy, use, service, operations, performance or non-performance of work in connection with this contract resulting in whole or in part from negligent acts or omissions of contractor, any sub-contractor, or any employee, agent or representative of the contractor or any sub-contractor.

The splash pad opened to the public on May 25, 2013. From 2015 to 2019, several of the splash pad's features were turned off because of leaks and water pressure issues. Plaintiff had an inspection performed in November 2019 which revealed several structural defects and function issues. Plaintiff apparently waited until March 2020 to send two letters to defendant regarding the problems. In each letter plaintiff requested that defendant indemnify it for the costs it incurred and expenses anticipated for correction of the problems. Defendant did not respond to the letters. In June 2020, plaintiff filed its complaint alleging that the splash pad had various defects for which defendant bore responsibility. Plaintiff requested that the trial court declare that the indemnity provision applied and required defendant to indemnify plaintiff for costs and damages incurred because of defendant's negligent performance of the construction. Plaintiff also alleged that defendant breached the contract's indemnity provision by refusing to indemnify plaintiff.

In lieu of answering, defendant moved for summary disposition of plaintiff's indemnity claim under MCR 2.116(C)(8) (failure to state a claim), and argued, in pertinent part, that the claim was untimely because defendant's duty to indemnify ended when the contract ended, on November 15, 2012, pursuant to the duration term of the contract.[2] Plaintiff opposed the motion by arguing that the contract's durational term did not apply to the indemnification provision which it contended was a separate and independent obligation subject to no durational limit beyond the applicable statute of limitations. The trial court agreed with plaintiff and denied defendant's motion.

---

[2] Defendant also moved for summary disposition under MCR 2.116(C)(7) on the ground that the statute of repose, MCL 600.5839, barred the action. The trial court also denied that portion of defendant's motion. This appeal concerns only the trial court's denial of its MCR 2.116(C)(8) motion.

## II.  STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition.  *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013).  "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone to determine if the opposing party has stated a claim for which relief can be granted."  *Id*. (quotation marks and citation omitted).  A trial court considering such a motion "must accept all well-pleaded allegations as true and construe them in the light most favorable to the nonmoving party."  *Id*.  "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery."  *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).  Because the instant cause of action is based on a written instrument, the parties' contract is considered part of the pleadings for purposes of the motion.  See MCR 2.113(C)(1); *Laurel Woods Apartments v Roumayah*, 274 Mich App 631, 635; 734 NW2d 217 (2007).  We review de novo questions of contract interpretation.  *Burkhardt v Bailey*, 260 Mich App 636, 646; 680 NW2d 453 (2004).

## III.  ANALYSIS

Defendant argues that the trial court erred by ruling that the contract's durational term did not apply to the indemnification provision.  We agree.

"The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties; to this rule all others are subordinate."  *Highfield Beach v Sanderson*, 331 Mich App 636, 654; 954 NW2d 231 (2020) (quotation marks, alterations, and citation omitted).  "In ascertaining the meaning of a contract, we give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument."  *Id*. (quotation marks and citation omitted).  Courts must "give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory."  *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003).  "[U]nless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written."  *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005).  The legal principle that " 'unambiguous contracts are not open to judicial construction and must be *enforced as written*' " is "grounded in the rationale that the judiciary ought not interfere with the right of individuals to 'arrange their affairs via contract.' " *VHS Huron Valley Sinai Hosp v Sentinel Ins Co*, 322 Mich App 707, 716; 916 NW2d 218 (2018), quoting *Rory*, 473 Mich at 468.

Indemnity contracts are construed in accordance with general contract interpretation rules. *Triple E Produce Corp v Mastronardi Produce Ltd*, 209 Mich App 165, 172; 530 NW2d 772 (1995).  Indemnity contracts should be strictly construed against the party who drafted the contract and the party designated the indemnitee.  *Id*.  "Under ordinary contract principles, if contractual language is clear, construction of the contract is a question of law for the court."  *Meagher v Wayne State Univ*, 222 Mich App 700, 721; 565 NW2d 401 (1997).  In an indemnity contract, the "indemnitor undertakes to save the indemnitee against loss arising from an unknown or contingent event."  *Moore v Capital Nat'l Bank of Lansing*, 274 Mich 56, 61; 264 NW 288 (1936).  "An indemnity contract creates a direct, primary liability between the indemnitor and the indemnitee

that is original and independent of any other obligation." *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 173; 848 NW2d 95 (2014).

" 'A contract of indemnity should be construed so as to cover all losses, damages, or liabilities to which it reasonably appears to have been the intention of the parties that it should apply . . . .' " *Auto-Owners Ins Co v Campbell-Durocher Group Painting & Gen Contracting, LLC*, 322 Mich App 218, 225; 911 NW2d 493 (2017), quoting *Title Guaranty & Surety Co v Roehm*, 215 Mich 586, 592; 184 NW 414 (1921). "Contractual indemnity is an area of law guided by well-settled general principles," and "each case must ultimately be determined by the contract terms to which the parties have agreed." *Grand Trunk Western R, Inc v Auto Warehousing Co*, 262 Mich App 345, 351; 686 NW2d 756 (2004) (citations omitted). "Where parties have expressly contracted for indemnification, the extent of the duty must be determined from the language of the contract." *Miller-Davis*, 495 Mich at 174 (quotation marks and citation omitted). See also 41 Am Jur 2d, Indemnity, § 9 (explaining that the "duration of a contract of indemnity is the time expressly or impliedly provided for in the contract"). A reviewing court should "avoid an interpretation that would render any portion of the contract nugatory." *Miller-Davis*, 495 Mich at 174. "While it is true that indemnity contracts are construed strictly against the party who drafts them and against the indemnitee, that principle only applies if the contract is ambiguous." *DaimlerChrysler Corp v Wesco Distribution, Inc*, 281 Mich App 240, 248; 760 NW2d 828 (2008) (quotation marks and citation omitted).

Our Supreme Court has held that, if a specific provision in a contract does not include an end date or duration, then the contract's general durational term applies to that specific provision. *Kendzierski v Macomb Co*, 503 Mich 296, 315; 931 NW2d 604 (2019). In this case, the parties' contract lacks ambiguity. The plain language of the durational provision in Article IV of the contract unambiguously provided that the contract ended "on November 15, 2012 according to the project schedule and as modified through authorized change orders." The indemnification provision, in turn, neither specified a different duration for defendant's obligation to indemnify plaintiff, nor otherwise expressly exempted that provision from the contract's durational term. Because the contract's language provided a term for the duration of the contract, and no language in the contract specified that the parties intended for a different duration to apply to defendant's duty to indemnify, the duration term set forth in Article IV applied equally to the indemnity provision set forth in Article VI. Defendant, therefore, correctly points out that the parties' contract's durational term applied to the indemnification provision. The trial court, therefore, erred as a matter of law by ruling that the durational term did not apply to the indemnification provision.

The record reflects that plaintiff's indemnification claim arose after the termination date specified in the contract. Further, plaintiff made no indemnity demand of defendant until over six years after the termination of the parties' contract. In its complaint, plaintiff asserted that the splash pad opened to the public in May 2013, and alleged that it began having problems with it in 2013 and again in 2015 with additional issues each year through 2019. Plaintiff made no allegation that the parties agreed to any extension of the contract's duration term beyond November 15, 2012, through authorized change orders or otherwise.

Plaintiff seeks to rely upon *Miller-Davis* to argue that the trial court properly interpreted the contract because the indemnification provision created an "original and independent obligation" which plaintiff contends means that the contract's express durational term did not

apply to the indemnity agreement. In *Miller-Davis*, 495 Mich at 173, our Supreme Court stated that an "indemnity contract creates a direct, primary liability between the indemnitor and the indemnitee that is original and independent of any other obligation." Plaintiff appears to argue that the words "original and independent" mean that an indemnity agreement exists apart from the rest of the contract and not subject to other contract terms. Plaintiff's argument lacks merit.

Plaintiff's insistence on a broad interpretation of *Miller-Davis*'s use of the words "original and independent" is not supported by a close reading of that decision. The statement in which those words were used reveals that an agreement to indemnify creates a separate obligation independent of other contractually specified obligations, but the statement does not say that an indemnity agreement lives separately from the entire contract itself. In *Miller-Davis*, the contract did not contain a duration term as found in this case. The Court distinguished between a contract for indemnity and other kinds of contracts, such as those for guaranty, surety, and subrogation. *Miller-Davis*, 495 Mich at 173. The Court did not address how an agreement to indemnify should be construed alongside other provisions contained within the written instrument. Indeed, our Supreme Court explained that an indemnification agreement must be construed in the same manner as any other contract by determining the parties' intent through examination of the language of the contract interpreted according to its plain and ordinary meaning. *Id*. at 174. The Court explained that, "[w]here parties have expressly contracted for indemnification, the extent of the duty must be determined from the language of the contract." *Id*. (quotation marks and citation omitted). The Court did not hold that indemnification provisions constitute an exception to the requirement to read the contract as a whole to determine the parties' intent. See *Old Kent Bank v Sobczak,* 243 Mich App 57, 63; 620 NW2d 663 (2000). Moreover, our Supreme Court's explanation and discussion of the issues presented in that case did not state or imply that indemnification provisions with no durational terms of their own operate perpetually with no regard for a contract's specific durational terms. The Court addressed the independent nature of the indemnification obligation while considering whether the plaintiff's claim was barred by the statute of limitations, and ultimately concluded it was not because the claim accrued after the defendant refused to indemnify, rather than when the defendant allegedly breached its separate obligation to provide work in accordance with certain specifications. *Id*. at 181-182. But unlike the contract in this case, no durational term applied.

Plaintiff contends that *Miller-Davis* announced that indemnification agreements are a distinct species of contract somehow exempt from any of the other terms set forth in the body of the parties' contract. Our Supreme Court, however, recently held that if a specific provision in a contract does not include its own durational provision or termination date, then the contract's general durational provision applies to that specific provision. *Kendzierski*, 503 Mich at 315. Because our Supreme Court in *Miller-Davis* did not rule that the duty to indemnify is insulated from the other contractual terms, we reject plaintiff's contention.

Plaintiff argues further that, by labeling Article VI of their contract "Indemnification Agreement," the parties signaled their intention that the indemnification term operated as an entirely separate agreement not subject to the contract's other express terms. But plaintiff's view of Article VI does not take into account Article XXI, which is labeled "Extent of Contract," and provides that "[t]his Contract represents the entire agreement between the parties and supersedes all prior representations, negotiations or agreements whether written or oral." This integration provision militates against regarding any part of the contract, including the indemnification

provision, as operating apart from the whole. The mere labeling of Article VI as an "agreement" cannot be read to signify that the parties intended for the indemnification provision to operate as a distinct and separate contract from the integrated contract. Plaintiff does not otherwise attempt to show that, despite the contract's plain language, the parties formed a separate contract regarding indemnification supported by separate consideration.

Plaintiff asserts that the trial court properly prevented the contract's durational term from rendering the indemnification provision nugatory. We disagree.

The contract obligated defendant to indemnify plaintiff for "any and all liabilities" attendant to "injury or death to any persons," and "for loss or damage to any property . . . in connection with or in any way incident to or arising out of the occupancy, use, service, operations, performance or non-performance of work in connection with this contract resulting in whole or in part from negligent acts or omissions" of defendant, its subcontractors, or their agents. According to plaintiff, the reference to losses or damages related to the occupancy, operation, or use of the splash pad indicates that the parties intended for the indemnification provision to apply after defendant completed construction of it and perpetually. Plaintiff contends that applying the contract's express durational term to those portions of the indemnification provision would render them nugatory or illusory. That is not so.

Although the indemnity provision broadly encompasses claims, costs, and liabilities related to injury to persons or property, it contains no separate durational term. Under the principle articulated in *Kendzierski*, 503 Mich at 315, the durational term of the contract, therefore, applied to the indemnity agreement. Applying the durational term to the indemnity provision does not render the latter nugatory because defendant had the indemnity obligation for the term of the contract "in connection with or in any way incident to or arising out of" the contract before it expired. The indemnification provision covered claims that might arise within the contract's stated durational term but no longer. Application of the contract's durational term to the indemnification provision, therefore, did not render it nugatory because it existed during the life of the contract. Plaintiff could have sought indemnification for any claim, cost, or liability during the contract's duration. Had plaintiff desired the indemnity provision to have a different duration it could have negotiated such and drafted the contract to so specify. Having not done so, it cannot be heard to complain about the contract's termination by its specified durational term.

Plaintiff asserts that, if this Court determines that the durational term of the contract bars plaintiff's indemnification claims, its claims against defendant in this action on the 2012 contract survive and may be raised under a separate contract the parties purportedly entered in 2014. However, our " 'review is limited to the record established by the trial court, and a party may not expand the record on appeal.' " *In re Rudell Estate*, 286 Mich App 391, 405; 780 NW2d 884 (2009), quoting *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). Plaintiff never asserted any claim related to a 2014 contract and the record in this case does not reference or contain such contract.

MCR 7.205 governs applications for leave to appeal to this Court, and Subrule (E)(4) provides, "Unless otherwise ordered, the appeal is limited to the issues raised in the application and supporting brief." Further, this Court granted defendant's application for leave to appeal "limited to the issues raised in the application and supporting brief." *Washtenaw Co Parks &*

*Recreation Comm v Vortex Aquatic Structures, Inc.*, unpublished order of the Court of Appeals, entered March 26, 2021 (Docket No. 355889). The instant appeal, therefore, is limited to the trial court's denial of its motion for summary disposition under MCR 2.116(C)(8) based on the contract's durational term. Moreover, with this argument plaintiff improperly attempts to introduce a document that was not part of the lower court record. Therefore, we will not consider plaintiff's arguments related to its improper attempt to expand the record and raise issues that it never presented to the trial court for consideration and decision. See MCR 7.210(A) ("Appeals to the Court of Appeals are heard on the *original* record."). (Emphasis added.)

Reversed and remanded to the trial court for entry of an order granting summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ James Robert Redford
/s/ David H. Sawyer
/s/ Christopher M. Murray