*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

YASER SAIDIZAND,

        Plaintiff-Appellee,

v

GOJET AIRLINES, LLC, and WILLIAM CLAY,

        Defendants-Appellants.

UNPUBLISHED
April 06, 2026
10:46 AM

No. 355063
Wayne Circuit Court
LC No. 20-004106-CD

## ON REMAND

Before: CAMERON, P.J., and RICK and PATEL, JJ.

PER CURIAM.

This case returns to us from our Supreme Court for reconsideration in light of *Rayford v American House Roseville I, LLC*, ___ Mich ___; ___ NW3d ___ (2025) (Docket No. 163989). *Saidizand v GoJet Airlines, LLC*, 25 NW3d 676 (Mich 2025) (Docket No. 163664) (*Saidizand II*). For the reasons set forth below, we reverse and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The factual history of this case was set forth in our prior opinion, *Saidizand v GoJet Airlines, LLC*, unpublished per curiam opinion of the Court of Appeals, issued September 23, 2021 (Docket No. 355063) (*Saidizand I*), pp 1-2:

> In November 2016, plaintiff Yasar Saidizand applied for a maintenance position with GoJet at its Detroit, Michigan facility. Plaintiff was hired to work for GoJet, and [defendant William] Clay was one of plaintiff's supervisors. In March 2020, plaintiff filed a complaint against defendants. Plaintiff alleged multiple violations of the Elliot-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*., and that GoJet had failed to pay him overtime wages in violation of the Michigan Improved Workforce Opportunity Wage Act, MCL 408.931 et seq. (the "wage claim").

-1-

In lieu of filing an answer to the complaint, defendants moved for summary disposition under MCR 2.116(C)(7). Defendants argued that plaintiff agreed "to be bound by GoJet's Mutual Arbitration Agreement," which required claims concerning discrimination, harassment, and "unpaid wages" to be arbitrated. Plaintiff opposed the motion in part. Specifically, plaintiff acknowledged that a binding arbitration agreement existed and that the wage claim was subject to arbitration. However, plaintiff argued that the ELCRA claims were not subject to arbitration because of the nature of the allegations that were filed against defendants. Plaintiff further argued that the trial court, as opposed to the arbitrator, was required to interpret the applicability of the arbitration agreement. Defendants thereafter filed a reply brief, arguing for the first time that "the arbitrator and not the Court [was required] to decide which of the specific claims [were] arbitrable."

On September 21, 2020, the trial court dispensed with oral argument and entered an order granting defendants' motion in part and denying defendants' motion in part. Specifically, the trial court held that plaintiff's wage claim was "subject to arbitration," but that the ELCRA claims were "not subject to mandatory arbitration."

On appeal, this Court reversed the trial court's "decision to deny defendants' motion for summary disposition with respect to the ELCRA claims" and remanded the case "with instructions to dismiss the matter." *Saidizand I*, unpub op at 4. We reasoned that the arbitration agreement in this case "unambiguously provide[d] that only the arbitrator [had] the authority to resolve any dispute relating to the interpretation or applicability of the agreement." *Id*. at 3 (quotation marks omitted). As a result, "the trial court erred by interpreting the agreement and deciding whether the ELCRA claims were subject to arbitration." *Id*. Plaintiff sought leave to appeal to our Supreme Court, which vacated our decision and remanded the case to us "for reconsideration in light of *Rayford*." *Saidizand II*, 25 NW3d at 676.

## II. PRESERVATION AND STANDARD OF REVIEW

As we noted in *Saidizand I*, while plaintiff argues the issue of whether the trial court was permitted to interpret the agreement is unpreserved, defendants properly raised this issue in rebuttal to plaintiff's argument that the trial court was permitted to interpret the agreement. *Saidizand I*, unpub op at 2. Thus, the issue was properly raised before the trial court and preserved for our review. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020).

"Arbitration is a matter of contract." *Altobelli v Hartmann*, 499 Mich 284, 295; 884 NW2d 537 (2016) (quotation marks and citation omitted). We review the interpretation of contractual language de novo. *VHS Huron Valley Sinai Hosp, Inc v Sentinel Ins Co*, 322 Mich App 707, 715; 916 NW2d 218 (2018).

## III. *RAYFORD*

After this Court rendered its decision in *Saidizand I*, our Supreme Court decided *Rayford*. *Rayford* primarily concerned the enforceability of shortened limitations periods in employment contracts. *Rayford*, ___ Mich at ___; slip op at 1-2. *Rayford* reasoned that employment contracts

-2-

are entitled to additional judicial scrutiny because "an employer and employee often do not deal at arm's length when negotiating contract terms[,]" since, oftentimes, the employee "has only two options: (1) sign the employment contract as drafted by the employer or (2) lose the job." *Id*. at ___; slip op at 20, 28 (quotation marks, brackets, and citations omitted). *Rayford* also reiterated that employment contracts "are subject to traditional contract defenses, including unconscionability, and, as adhesion contracts, may be procedurally and substantively unconscionable." *Id*. at ___; slip op at 2.

## IV. APPLICATION

Defendants argue that the trial court erred in interpreting the arbitration agreement because interpretation fell to the arbitrator. We agree.

"An arbitration agreement is a contract by which the parties forgo their rights to proceed in civil court in lieu of submitting their dispute to a panel of arbitrators." *Galea v FCA US LLC*, 323 Mich App 360, 369; 917 NW2d 694 (2018). "[T]he question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator," unless "the parties clearly and unmistakably provide otherwise[.]" *Bienenstock & Assoc, Inc v Lowry*, 314 Mich App 508, 516; 887 NW2d 237 (2016) (quotation marks and citation omitted).

Contracts are interpreted "in accordance with their ordinary meaning[.]" *VHS Huron Valley Sinai Hosp, Inc*, 322 Mich App at 715. "This Court's main goal in the interpretation of contracts is to honor the intent of the parties." *Id*. (quotation marks and citations omitted). "When contract language is clear, unambiguous, and has a definite meaning, courts do not have the ability to write a different contract for the parties, or to consider extrinsic testimony to determine the parties' intent." *Id*. (quotation marks and citations omitted).

The arbitration agreement in this case explicitly provides that:

> The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement, including without limitation any claim that this Agreement is void or voidable; provided, however, that any question or dispute concerning the interpretation, enforcement, or validity of the prohibition on class, collective, representative, and group actions shall be decided by a court and not the Arbitrator.

Thus, under the agreement's plain language, the trial court did not have the authority to interpret the arbitration agreement and decide whether plaintiff's ELCRA claims were subject to arbitration.

As a result, the only question that remains is whether the agreement itself is unconscionable. *Rayford*, ___ Mich at ___; slip op at 2. "[I]n order for a contract to be unconscionable, it must be procedurally and substantively unconscionable." *Id*. at ___; slip op at 31. "Procedural unconscionability exists when a weaker party has no realistic alternative but to accept the term." *Id*. (quotation marks and citation omitted). "Substantive unconscionability requires courts to analyze the reasonableness of the challenged term." *Id*. at ___; slip op at 32. "A contract provision is substantively unreasonable if the inequity shocks the conscience." *Id*. (quotation marks, brackets, and citation omitted). While *Rayford*'s analysis suggests that the

threshold of procedural unconscionability may be satisfied here, the same cannot be said for substantive unconscionability.

This Court recently addressed a similar arbitration issue on remand in the context of *Rayford* in *Johnson v Best Buy Co, Inc*, ___ Mich App ___; ___ NW3d ___ (2025) (Docket No. 363807); slip op at 3:[1]

> Largely out of concern for the unequal bargaining positions between an employer and employee, and a disdain for "take it or leave it" exchanges, *Rayford*, ___ Mich at ___; slip op at 18-19, the *Rayford* Court held that an adhesion employment contract that contains a shortened limitation period is subject to a reasonableness review. *Id*. at ___; slip op at 28 ("We now reestablish that reasonableness review is used for contractually shortened limitations periods in adhesive employment contracts."). The preciseness of the *Rayford* holding could not be clearer, as the Court repeatedly pointed out that it was addressing adhesion employment contracts that contain a limitation on the statutory time to bring a complaint. The Court repeated this holding throughout its opinion, see *id*. at ___; slip op at 2 ("We hold that an adhesive boilerplate employment agreement that shortens a limitations period must be examined for reasonableness"), and *id*. at ___; slip op at 28 ("Adhesion contracts with provisions shortening the statute of limitations in the employment context are subject to heightened judicial scrutiny to determine whether the provisions are reasonable"), while then declaring that in "light of our holdings in this case, courts must now first determine whether a challenged employment agreement is adhesive and, if so, apply *Camelot*[2] to determine whether a shortened limitations period is reasonable." *Id*. at ___; slip op at 30.

Like the plaintiff in *Johnson*, "[p]laintiff's challenge is not to a shortened limitations period, but to an arbitration agreement that was part of a larger employment application." *Johnson*, ___ Mich App at ___; slip op at 3. "Thus, *Rayford*'s specific holding is inapplicable, but the standards it applied are not." *Id*.

As in *Johnson*, "[w]e will assume that the contract between plaintiff and defendant was an adhesion contract, as the agreement was prepared by defendant[]" and "was between parties with disparate bargaining power as recognized in *Rayford*[.]" *Id*. But "an agreement is not an unlawful adhesion contract if a court determines that the terms a party essentially had no option to dispute are otherwise reasonable." *Id*. at ___; slip op at 4. *Johnson*, ___ Mich App at ___; slip op at 4-5,

---

[1] Similar to *Johnson*, plaintiff never argued unconscionability to this Court on appeal or alleged that his employment contract was an adhesion contract. But in light of our Supreme Court's directive, we consider this issue now.

[2] *Camelot Excavating Co, Inc v St. Paul Fire & Marine Ins Co*, 410 Mich 118; 301 NW2d 275 (1981), overruled by *Rory v Continental Ins Co*, 473 Mich 457; 703 NW2d 23 (2005).

evaluated the reasonableness of the arbitration agreement at issue beginning with noting Michigan's longstanding stance favoring them:

> First and foremost, our Legislature and Supreme Court have long approved arbitration as a legitimate, efficient alternative to resolving matters in court. The Legislature has passed several statutes providing for arbitration as a way to resolve disputes, including the broad Uniform Arbitration Act, MCL 691.1681 *et seq.*, and the Domestic Relations Arbitration Act, MCL 600.5070 *et seq.* For its part, the Supreme Court has repeatedly indicated that the use of arbitration to resolve civil matters outside the courtroom is favored in this state. See *Lichon v Morse*, 507 Mich 424, 437; 968 NW2d 461 (2021); *Altobelli v Hartmann*, 499 Mich 284, 295; 884 NW2d 537 (2016) (" 'The general policy of this State is favorable to arbitration.' "), quoting *Detroit v A W Kutsche & Co*, 309 Mich 700, 703; 16 NW2d 128 (1944); and *Port Huron Area Sch Dist v Port Huron Ed Ass'n*, 426 Mich 143, 150; 393 NW2d 811 (1986) ("It is well-settled that arbitration is a favored means of resolving labor disputes . . . ."). The Court has likewise promulgated court rules containing rules and procedures for cases invoking arbitration. See MCR 3.602.

> In light of this general public policy favoring arbitration, a conflict panel of this Court held that an agreement to arbitrate a civil rights claim was reasonable as a matter of law, because it did not deprive [the] plaintiff of her statutory rights and remedies and was procedurally fair. *Rembert v Ryan's Family Steak Houses, Inc*, 235 Mich App 118, 157 n 28; 596 NW2d 208 (1999).[3]

---

[3] The United States Supreme Court has also endorsed the use of arbitration as a means to resolve employment matters. *Circuit City Stores, Inc v Adams*, 532 US 105, 122-123; 121 S Ct 1302; 149 L Ed 2d 234 (2001).

In holding that the arbitration provision at issue was reasonable, the *Johnson* Court reasoned:

> So too here, as the arbitration provision—like that involved in *Rembert*—does not limit plaintiff's substantive rights or remedies available under the Elliot-Larsen Civil Rights Act, MCL 37.2101 *et seq.* The provision requires both the employer and employee to bring all nonexempt claims in arbitration, and the rules of the American Arbitration Association govern all proceedings. See *Lagatree v Luce, Forward, Hamilton & Scripps LLP*, 74 Cal App 4th 1105, 1126-1127; 88 Cal Rptr 2d 664 (1999) ("The rules of the American Arbitration Association specified by the clause as governing the resolution of disputes are generally regarded to be neutral and fair.") (quotation marks and citation omitted). The agreement was very clear that both parties were foregoing the right to a jury trial, and the agreement allows both sides to employ attorneys, though at their own expense (excluding any postjudgment award of attorney fees). Overall, there is nothing within the policy that strikes us as unusual, as it contains many provisions typically found in arbitration agreements. In light of the terms of the agreement, and the common law and statutory law of this state containing a general approval of arbitration as an alternative means to decide matters, we hold that the arbitration provision is

reasonable, and is therefore not an unlawful adhesion contract. [*Johnson*, unpub op at 5.]

Like the agreement in *Johnson*, the arbitration agreement in this case subjected both employee and employer to the authority of an arbitrator who "shall administer the arbitration according to the Employment Arbitration Rules (or successor rules) of the American Arbitration Association ('AAA')." The agreement set forth which claims are and are not subject to its terms, and, "[o]verall, there is nothing within the [agreement] that strikes us as unusual, as it contains many provisions typically found in arbitration agreements." *Id*. Accordingly, like in *Johnson*, "the arbitration [agreement] is reasonable, and in no way 'shocks the conscience' of the Court." *Id*. at ___; slip op at 6.

Because the arbitration agreement is not unconscionable, and because it expressly provides that its interpretation falls to the arbitrator, the trial court erred in interpreting it and ruling that plaintiff's ELCRA claims fell outside its scope. We therefore reverse the trial court's denial of defendants' motion for summary disposition with respect to plaintiff's ELCRA claims and remand to the trial court to grant the motion and dismiss the case.[3]

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Michelle M. Rick

---

[3] Because the trial court lacked the authority to interpret the agreement to begin with, we need not address whether its interpretation was correct. We also need not address plaintiff's argument that the agreement is void because of "fraud in the inducement or misrepresentation," because plaintiff, in failing to preserve it below, waived the argument on appeal. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg*, 347 Mich App 280, 289; 14 NW3d 472 (2023). Moreover, as this Court noted in the prior appeal, "plaintiff conceded that the arbitration agreement was valid and enforceable in the trial court[,]" and may not now use this argument as an appellate parachute. *Saidizand I*, unpub op at 4, citing *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011).