COLDSPRINGS TOWNSHIP
v KALKASKA COUNTY ZONING BOARD OF APPEALS

Docket No. 268753. Submitted September 6, 2007, at Lansing. Decided May 13, 2008, at 9:10 a.m.

Coldsprings Township petitioned the Kalkaska Circuit Court for judicial review of a decision by the Kalkaska County Zoning Board of Appeals that granted certain zoning variances to Lee and Gerald Gancer. The court, Dennis F. Murphy, J., dismissed the petition, ruling that the petitioner did not have standing to assert the claims on behalf of its residents affected by the zoning decision. The township appealed by leave granted, and the Gancers intervened as appellees.

The Court of Appeals *held*:

A municipality lacks standing to sue on behalf of residents affected by a zoning decision and would only have standing if it can show that it itself suffered a concrete, particularized injury. A political subdivision whose power is derivative and not sovereign, cannot sue under the doctrine of *parens patriae* on behalf of its residents. In order to have standing, the petitioner must show that it, and not merely certain residents, is detrimentally affected by the respondent's approval of the zoning variances in a manner distinct from the interest of the general public. The petitioner presented no evidence that it suffered any specific, concrete, or particularized injury in fact.

Affirmed.

1. MUNICIPAL CORPORATIONS — ACTIONS — STANDING.

A municipality lacks standing to sue on behalf of residents that are affected by a zoning decision; a municipality may have standing to contest a zoning decision if it can show that it has suffered a concrete, particularized injury distinct from the interest of the general public.

2. MUNICIPAL CORPORATIONS — ACTIONS — *PARENS PATRIAE* DOCTRINE.

A political subdivision whose power is derivative and not sovereign cannot sue as *parens patriae* to assert the alleged interest of its citizens.

*Michael T. Edwards* for the petitioner.

*Cummings, McClorey, Davis & Acho, P.L.C.* (by *Haider A. Kazim*), for the respondent.

Before: BANDSTRA, P.J., and ZAHRA and OWENS, JJ.

ZAHRA, J. Petitioner Coldsprings Township appeals by leave granted the dismissal for lack of standing of petitioner's appeal of the grant of zoning variances by respondent Kalkaska County Zoning Board of Appeals to intervening appellees Lee and Gerald Gancer. We must determine whether a municipality has standing to assert legal claims on behalf of residents affected by a zoning decision. We hold that a municipality lacks standing to sue on behalf of those residents and only has standing if the municipality can show that it suffered a concrete, particularized injury. Petitioner failed to assert such an injury. We affirm.

### I. BASIC FACTS

The Gancers own property in Coldsprings Township that fronts Manistee Lake. On December 6, 2004, they filed a variance application with respondent, seeking to construct a new home with an attached garage on the property with a 25-foot setback from the lake (later determined by respondent to be a 30-foot setback) and to build a second garage on the property. The applicable zoning ordinance required a 60-foot setback and prohibited a second garage of less than 1,200 square feet on the property. At the time the application was filed, there was a cottage on the subject property with a 28-foot setback, which they planned to raze. The existing cottage was 24 by 44 feet, and the proposed new home was to be 46 by 52 feet with an attached garage of 24 by 24 feet.

Respondent held a public hearing on January 5, 2005, at which the variance requests were considered. Respondent asserts, and petitioner does not dispute, that notice of the hearing was mailed to all property owners who owned property within 300 feet of the subject property as required by the zoning ordinance. Since Gerald Gancer is the chairman of the Kalkaska County Zoning Board of Appeals, he recused himself from the board when his variance requests were heard. During the hearing, a letter from Mike Neubecker, petitioner's supervisor was read. The letter stated that the variances should be denied because a new construction or a remodeling project that is less than 60 feet from the lake would contribute to poor water quality of the lake because of erosion and "improper septic tanks and fields." Respondent granted the Gancers requested variances, with the setback set at 30 feet.

Petitioner filed the instant petition for review, arguing that granting the variance request was inconsistent with §§ 1.02, 4.01, 16.01 of the Kalkaska County zoning ordinance, which stated that the purpose of the applicable zoning restrictions was to preserve water quality and prevent erosion and pollution. Petitioner also alleged that although the ordinance allowed nonconforming uses to continue, nonconforming uses could not be enlarged or extended.

Respondent maintained that petitioner lacked standing to appeal the zoning decision because it was not "a person having an interest affected by the zoning ordinance" within the meaning of MCL 125.223(2) or MCL 125.585. (These statutes were repealed by 2006 PA 110, effective July 1, 2006, but the repeal did not affect actions like the present action pending on that date, see MCL 125.3702.) The trial court found that petitioner

did not have standing under state law or under the local ordinance and dismissed petitioner's claim.

## II. STANDING

### A. STANDARD OF REVIEW

Whether a party has standing is a question of law that is reviewed de novo by this Court. *Homer Twp v Billboards by Johnson, Inc*, 268 Mich App 500, 504; 708 NW2d 737 (2005).

### B. ANALYSIS

At the onset, we note that petitioner conceded during oral argument that MCL 125.223(2) cannot confer standing merely because "a person [has] an interest affected by the zoning ordinance . . . ." Rather, as our Supreme Court made clear in *Michigan Citizens for Water Conservation v Nestlé Waters North America Inc*, 479 Mich 280, 302; 737 NW2d 447 (2007), "[t]he elements of individual and organizational standing must be met in environmental cases as in every other lawsuit, unless the constitution provides otherwise." To establish standing:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . traceable to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. [*Id.* at 294-295 (citations and quotation marks omitted).]

Petitioner claims that it, like a nonprofit corporation, has standing on behalf of its residents who possess riparian rights to the lake. Whether a municipality can sue on behalf of its residents is an issue of first impression in this state. There is no dispute that a nonprofit organization has "standing to bring suit in the interest of its members if its members would have standing as individual plaintiffs." *Id.* at 296. However, petitioner's "analogy of its representation of its citizens to a private organization's representation of its members misconceives the very concept of associational standing." *Olmsted Falls, Ohio v Federal Aviation Admin,* 352 US App DC 30, 36; 292 F3d 261 (2002). Petitioner "does not have 'members' who have voluntarily associated . . . ." *Id.* at 37. Rather petitioner is "effectively attempting to assert the alleged interests of its citizens under the doctrine of *parens patriae.*" *Id. Parens patriae* "is a concept of standing utilized to protect those quasi-sovereign interests such as health, comfort and welfare of the people, interstate water rights, general economy of the state, etc." Black's Law Dictionary (6th ed). However, "political subdivisions such as cities and counties, whose power is derivative and not sovereign, cannot sue as *parens patriae* . . . ." *In re Multidistrict Vehicle Air Pollution MDL No 31, State of California v Automobile Manufacturers Ass'n, Inc,* 481 F2d 122, 131 (CA 9, 1973); see also *Roseville v Norton,* 219 F Supp 2d 130, 141, (D DC, 2002); *Safety Harbor v Birchfield,* 529 F2d 1251 (CA 5, 1976); *United States v WR Grace & Co-Conn,* 185 FRD 184 (D NJ, 1999); *City of New York v Heckler,* 578 F Supp 1109, 1123 (ED NY, 1984); *Warren Co v North Carolina,* 528 F Supp 276, 283 (ED NC, 1981).

Because petitioner here cannot sue as *parens patriae* on behalf of its residents with riparian rights, petitioner must show that it, and not merely certain residents, is

detrimentally affected by respondent's approval of the zoning variances in a manner distinct from the interest of the general public. *Nestlé, supra* at 294. Here, petitioner broadly asserts that it has an interest in the lake to protect the health, safety, and welfare of its citizens from pollution and its effects. These claimed harms, however, are not at all distinct from those of the general public and are indeed purported to be consistent with the interest of the general public. Petitioner presented no evidence that it suffered any specific injury. The record below does not indicate that petitioner owned, used, or had access to the lake or that it "enjoyed a recreational, aesthetic, or economic interest" in the lake. *Id.* at 297. Petitioner thus failed to establish that it has a substantial interest in the lake, detrimentally affected by respondent's approval of the zoning variance, distinct from the interest of the general public. The absence of a concrete, particularized injury in fact is fatal to petitioner's standing to challenge respondent's approval of the zoning variance.

Affirmed.