*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PARENTS AND TAXPAYERS AGAINST
PORNOGRAPHY IN ROCKFORD PUBLIC
SCHOOLS, JANE DOE, and JOHN DOE,

        Plaintiffs-Appellants,

v

ROCKFORD PUBLIC SCHOOLS DISTRICT, DR.
STEVE MATTHEWS, Individually and as
Superintendent of the ROCKFORD PUBLIC
SCHOOLS DISTRICT, MICHAEL RAMM,
Individually and as Assistant Superintendent Of
Instruction of the ROCKFORD PUBLIC SCHOOLS
DISTRICT, JARROD FOLSOM, Individually and as
President of the ROCKFORD PUBLIC SCHOOLS
DISTRICT, KELLEY FRERIDGE, Individually and
as Vice President of the ROCKFORD PUBLIC
SCHOOLS DISTRICT, CHRISTIE RAMSEY,
Individually and as Secretary of the ROCKFORD
PUBLIC SCHOOLS DISTRICT, JAKE
HIMMELSPACH, Individually and as Treasurer of
the ROCKFORD PUBLIC SCHOOLS DISTRICT,
TRICIA ANDERSON, Individually and as Trustee of
the ROCKFORD PUBLIC SCHOOLS DISTRICT,
NICK REICHENBACH, Individually and as Trustee
of the ROCKFORD PUBLIC SCHOOLS
DISTRICT, and GEORGE WILSON, Individually
and as Librarian of the ROCKFORD PUBLIC
SCHOOLS DISTRICT,

        Defendants-Appellees.

UNPUBLISHED
April 11, 2025
11:12 AM

No. 369036
Kent Circuit Court
LC No. 23-008510-AW

Before: GADOLA, C.J., and WALLACE and ACKERMAN, JJ.

PER CURIAM.

-1-

In this civil action alleging criminal wrongdoing and fiduciary malfeasance by a public high school for offering books with sexually explicit content in the library, plaintiffs appeal by delayed leave granted the trial court's order granting defendants' motion for summary disposition on multiple grounds. We affirm.

## I. FACTS

Plaintiff, Parents and Taxpayers Against Pornography in Rockford Public Schools (Parents & Taxpayers), is a "not-for-profit advocacy organization" pursuant to the Nonprofit Corporation Act, MCL 450.2101 *et seq*. The organization's asserted purpose is to support "compliance with the Revised School Code, and parental rights secured therein." Jane Doe and John Doe are former students who attended Rockford Public Schools (RPS) during the 2022-2023 academic year. Members of Parents & Taxpayers include anonymous residents of Rockford, MI.

During the 2022-2023 academic year, a bulletin board in Rockford High School featured books with a caption, "Banned and challenged books available in this library." Plaintiffs discovered the "explicit sexual content" of thirteen of the books and contacted defendants to object to the books' accessibility to students. The thirteen books were as follows: *A Court of Mist and Fury*, *A Court of Frost and Starlight*, *Breathless*, *Out of Darkness*, *Crank*, *Ask the Passengers*, *Kite Runner*, *All Boys Aren't Blue*, *Gender Queer*, *Beyond Magenta*, *The Bluest Eye*, *Looking for Alaska*, and *Lawn Boy*. Plaintiffs also objected to the availability of the books to students at board meetings during public comment periods. Plaintiffs objected to a fourteenth book, *Fun Home*, that was not featured on the bulletin board but raised similar concerns for plaintiffs.

Dissatisfied with defendants' responses, plaintiffs' counsel, Helen Brinkman, initiated a Freedom of Information Act (FOIA), MCL 15.231 *et seq*., request in March 2023. Because Parents & Taxpayers had not yet established itself as an organization, Brinkman filed the FOIA request on her own behalf. In the FOIA request, Brinkman sought a list of all "sex education books" and other books that had "sexually explicit LGBTQ+" content, that were available to RPS students, including their locations, the number of students viewing and checking them out, the promotion/advertising of the books by the school, the persons responsible for making the books available to students, and the staff responsible for the students' access to them. Defendants complied with some but not all requests, finding some to be overbroad and vague.

In June 2023, plaintiffs filed an appeal with the RPS School Board for allegedly failing to comply with the FOIA request. Plaintiffs informed defendants that they would drop the appeal and FOIA request if defendants removed the books from the library and subjected the books to legal review procedures before returning them to the shelves. The RPS School Board voted to deny the appeal, finding the books were not "harmful to minors" under MCL 722.674, and that individual parents had the right to review and restrict their children's access to library materials. Plaintiffs argued that the review process was not compliant with the Revised School Code (RSC) because the process did not provide parents with advance notice and review. Additionally, plaintiffs reasserted that defendants did not comply with the FOIA request.

In August 2023, plaintiffs filed a complaint against defendants, alleging criminal and fiduciary malfeasance and seeking "declaratory and emergency injunctive relief, mandamus, state funding forfeiture, and FOIA appeal." In their 29-page complaint, plaintiffs raised eight counts

against defendants. Count I alleged defendants committed criminal and fiduciary malfeasance by disseminating sexually explicit content to minors in violation of MCL 722.675, and in violation of RSC provisions governing sex education. Plaintiffs alleged that the books contained "patently offensive" sexual content without serious "literary, artistic, political, educational, and scientific value" for children. Counts II and III alleged that certain defendants who did not directly disseminate the books were still criminally liable for "aiding and abetting" or for being an "accessory after the fact." Count IV accused defendants of negligence or refusing to comply with the Revised School Code. In Count V, plaintiffs sought declaratory and injunctive relief for defendants' violations of various sections of the RSC and criminal statutes. Plaintiffs also sought a temporary restraining order (TRO). In Count VI, plaintiffs sought a writ of mandamus directing defendants to remove all sexually explicit material from RPS. In Count VII, plaintiffs alleged that, under the former MCL 388.1766a(2),[1] defendants forfeited 1% of state financial aid by violating sex education laws. And Count VIII sought an appeal of the denial of plaintiffs' FOIA requests.

In September 2023, the trial court denied plaintiffs' request for a TRO and a writ of mandamus to remove the books from the library, finding plaintiffs did not establish irreparable injury nor a clear legal right to removal of the books. Plaintiffs moved for reconsideration, which the trial court denied. Shortly thereafter, defendants moved for summary disposition under MCR 2.116(C)(1), (C)(4), (C)(5), (C)(8), and (C)(10). After a hearing on the motion, the trial court granted defendants summary disposition on all counts.

In its opinion and order, the trial court found that plaintiffs' criminal allegations in Counts I-IV were procedurally defective because plaintiffs could not bring a private action seeking criminal prosecution without either the prosecuting attorney's approval or filing a security. The trial court also found that the criminal allegations failed on the merits because the books did not constitute material that was harmful to minors under MCL 722.674(a). In support of its finding, the trial court considered guidance from *Athenaco, Ltd v Cox*, 335 F Supp 2d 773, 780-781 (ED Mich 2004), which relied on the United States Supreme Court's three-part test in *Miller v California*, 413 US 15; 93 S Ct 2607; 37 L Ed 2d 419 (1973), for determining whether material is obscene and not protected under the First Amendment. The test is whether a reasonable person would find the books as a whole (1) appeal to the prurient interest, (2) depict or describe sexual conduct specifically defined by applicable state law, and (3) lack serious literary, artistic, political, or scientific value. *Miller*, 413 US at 24. The trial court found that the plaintiffs could not establish that a reasonable person would not find literary value in the identified works as a whole. The trial court also found that defendants were statutorily exempt from violating MCL 722.675 because they were not "disseminating" sexually explicit materials by simply operating a library, as provided in MCL 722.676(d). Moreover, the trial court found that defendants did not violate the RSC because the books were not part of a sex education curriculum. Because the books were not part of a class or course, the books were not subject to the asserted statutory provisions. Thus, the trial court granted summary disposition as to Counts I-IV pursuant to MCR 2.116(C)(1) (court lacks jurisdiction over the person), (C)(4) (court lacks jurisdiction over the subject matter, and (C)(8) (failure to state a claim).

---

[1] This statute was repealed by 2023 PA 103, effective October 1, 2023.

Furthermore, the trial court dismissed Count V seeking declaratory judgment, for (1) lack of actual controversy, (2) lack of standing, and (3) lack of entitlement to the relief sought. Plaintiffs did not allege that the members of the Parents & Taxpayers group were parents of current students, and the unnamed plaintiffs were *former* students; thus, the plaintiffs lacked standing. The trial court granted summary disposition as to Count V under MCR 2.116(C)(5) (plaintiff lacks legal capacity to sue). Similarly, the trial court dismissed Count VI, requesting a writ of mandamus, pursuant to MCR 2.116(C)(4), (C)(5), and (C)(8) because the plaintiffs could not establish they had a clear legal right to compel the school to remove the books. As to Count VII, the trial court concluded that plaintiffs lacked standing to file a complaint under MCL 388.1766a because the statute only allows parents or legal guardians of students to file complaints. Lastly, the trial court found that plaintiffs lacked standing to appeal defendants' partial denial of the FOIA request because attorney Brinkman made the request on her own behalf and not on plaintiffs' behalves. Even if plaintiffs had standing, the trial court found that the claim failed on its merits because the parts of the request that were denied rightfully determined that the requests were overbroad and vague. The trial court granted defendants summary disposition on all counts. Plaintiffs now appeal.

## II. STANDARDS OF REVIEW

"We review de novo the trial court's decision to grant or deny summary disposition." *Hubbard v Stier*, 345 Mich App 620, 625; 9 NW3d 129 (2023). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief can be granted." *Summer v Southfield Bd of Ed*, 310 Mich App 660, 668; 874 NW2d 150 (2015). "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).

This Court also "reviews de novo questions of statutory construction, with the fundamental goal of giving effect to the intent of the Legislature." *McKenzie v Dep't of Corrections*, 332 Mich App 289, 296; 957 NW2d 341 (2020) (citation omitted). And whether a party has standing is a question of law this Court reviews de novo. *Groves v Dep't of Corrections*, 295 Mich App 1, 4; 811 NW2d 563 (2011).

"We review for an abuse of discretion a trial court's decision regarding a writ of mandamus. However, whether a plaintiff has a clear legal right to the performance of a duty and whether a defendant has a clear legal duty to perform are questions of law subject to de novo review." *Warren City Council v Buffa*, 346 Mich App 528, 539; 12 NW3d 681 (2023) (citation omitted). "Questions of law relative to declaratory judgment actions are reviewed de novo, but the trial court's decision to grant or deny declaratory relief is reviewed for an abuse of discretion." *Reed-Pratt v Detroit City Clerk*, 339 Mich App 510, 516; 984 NW2d 794 (2021) (citation omitted). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Id*.

III.  ANALYSIS

Plaintiffs concede that they failed to secure prosecutorial endorsement or pay security for costs to bring a criminal action against defendants, pursuant to MCR 6.101.[2]  Plaintiffs nevertheless insist that the alleged criminal violations "form the basis for the allegations of criminal malfeasance in the Mandamus and Declaratory Judgment actions for which the case was brought."  Plaintiffs further maintain that, "Because this is a Mandamus/Declaratory Judgment action, bearing the 'AW' case filing, we must resolve, on appeal, whether summary judgment on the [criminal] allegations" was properly found.  This claim lacks merit.

Under MCR 6.101(C), a complaint that alleges criminal offenses "may not be filed without a prosecutor's written approval endorsed on the complaint or attached to it, or unless security for costs is filed with the court."  In *People v Holbrook*, 373 Mich 94, 97; 128 NW2d 484 (1964), the Michigan Supreme Court held that the policy rationale for such a statute[3] is to ensure that law enforcement is properly handled by "the prosecuting attorney, the chief law enforcement officer of a county."  The security-costs exception "assures payment" and "is also a test of the complainant's belief in the guilt of the person accused."  *Id*.  Here, plaintiffs sought criminal sanctions against defendants, with relief that included criminal convictions and civil relief, including but not limited to, a writ of mandamus and declaratory judgment.  Accepting all factual allegations as true, and deciding the motion on the pleadings alone, the trial court properly found that plaintiffs could not initiate criminal prosecution without the prosecutor's endorsement or filing a security.  Because plaintiffs argue on appeal that the relief sought—mandamus and declaratory judgment—depend on these criminal allegations, the trial court could not grant this relief on the basis of the improperly raised criminal claims.  See MCR 2.116(C)(8).

Insofar as plaintiffs later argued that the security costs should be waived or reduced because plaintiffs' counsel was working pro bono and the issue presented was one of great public concern, this Court held in *People v Joker*, 63 Mich App 421, 429; 234 NW2d 550 (1975), that "even if a complainant was indigent he was not entitled to post a purely nominal sum as security for costs."[4]  Accordingly, plaintiffs' failure to follow MCR 6.101(C) renders their criminal allegations unenforceable.  See *El-Khalil*, 504 Mich at 160.  No additional "factual development could possibly justify discovery" because plaintiffs conceded that they did not follow proper procedures and they cannot waive security costs under MCR 6.101(C).  See *id*.; see also *Joker*, 63 Mich App

---

[2] Plaintiffs' counsel stated at oral argument that plaintiffs were willing to pay a security when filing the complaint, but the clerk did not know how much to charge.  The fact remains, however, that a security was not paid and has not been paid.

[3] In *Holbrook*, 373 Mich at 96-97, the Michigan Supreme Court was interpreting an older statute, CL 1948, § 774.4, that parallels MCR 6.101.

[4] The statute addressed in *Joker*, 63 Mich App at 427, was MCL 764.1(1), which allowed a private citizen, prepared to post security costs, to ask a judge for an arrest warrant.  However, in *People v Herrick*, 216 Mich App 594, 597 n 1; 550 NW2d 541 (1996), this Court relied on *Joker*, 63 Mich App at 27, and noted that MCL 764.1(1) and MCR 6.101 are analogous statutes for purposes of determining whether a private citizen can bring a criminal complaint.

at 429. Therefore, plaintiffs failed to state a claim on which relief can be granted. See MCR 2.116(C)(8).

Plaintiffs also argue that the trial court's denial of their requested civil relief was improper because a writ of mandamus or declaratory judgment are appropriate enforcement mechanisms for RSC violations or criminal statutory violations. Again, this argument lacks merit. "The principal goal of statutory interpretation is to give effect to the Legislature's intent, and the most reliable evidence of that intent is the plain language of the statute." *Wilson v Grand Rapids*, 345 Mich App 484, 493; 7 NW3d 87 (2023) (quotation marks and citation omitted). If the statute's text is unambiguous, then the ordinary meaning of the text governs such that judicial construction is not permitted. *Id*. This Court held in *Summer*, 310 Mich App at 675-676, that the plain language of the RSC does not provide private rights of action to enforce the RSC. Likewise, MCL 722.675 regarding criminal dissemination of harmful content to minors contains no express language providing a right of private action to enforce the statute. See *Wilson*, 345 Mich App at 493. Because plaintiffs lack the capacity to bring their claim and request relief, the trial court did not err in granting defendants summary disposition pursuant to MCR 2.116(C)(8).

We also agree with the trial court that plaintiffs lacked standing to seek declaratory relief. "Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large. . . ." *Lansing Schools Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010). Further, "a nonprofit organization has standing to bring suit in the interest of its members if its members would have standing as individual plaintiffs." *Coldsprings Twp v Kalkaska Co Zoning Bd of Appeals*, 279 Mich App 25, 29; 755 NW2d 553 (2008). Parents & Taxpayers is an organization comprised of anonymous taxpaying residents of Rockford. Plaintiffs have not established how its members are detrimentally affected by these books in a manner different from the citizenry at large. Parents & Taxpayers have not alleged that any member currently has a child attending the school that would have access to these books. John and Jane Doe are former students of Rockford Public Schools. Plaintiffs have not asserted how John and Jane Doe are detrimentally affected by these books now that they no longer attend the school. The trial court did not err in finding plaintiffs lacked standing to seek declaratory relief.

As a final note, plaintiffs do not contest the trial court's findings that summary disposition was also proper under MCR 2.116(C)(1), (C)(4), and (C)(5). Because the trial court found grounds for dismissal under these other provisions on all counts in plaintiffs' complaint, plaintiffs fail to demonstrate how a favorable holding by this Court on the claims dismissed under MCR 2.116(C)(8) would change the ultimate outcome. Given plaintiffs' procedural failures in bringing their claims, and the fact that all plaintiffs' claims would remain uncontestably dismissed under MCR 2.116(C)(1), (C)(4), or (C)(5) even were we to reverse the trial court's ruling under (C)(8), we decline to review the merits of plaintiffs' claims.

Affirmed.

/s/ Michael F. Gadola
/s/ Randy J. Wallace
/s/ Matthew S. Ackerman